May Term,
1858.

JOHNSON
v.
JOHNSON.

---

## JOHNSON *v.* JOHNSON.

The fact that a man believes his wife to be bewitched, does not show him to be incompetent to make a contract.

The fact that the consideration of a contract is not, in the judgment of third parties, adequate, does not render the contract void.

These are circumstances to be considered by the jury.

APPEAL from the *Dearborn* Circuit Court.

*Wednesday,*
*June 16.*

*Per Curiam.*—Suit to recover possession of real estate. Answer, that the defendant was in possession under a contract of purchase from the plaintiff; that he had fulfilled his contract and was entitled to a deed which he claimed. Reply, that the contract was invalid because of want of soundness of mind in the plaintiff when he executed it.

Trial by jury, finding for the defendant, motion for a new trial overruled and judgment on the verdict, and that a deed be executed to him for the land by the plaintiff, pursuant to the contract.

The case was fairly put to the jury by the instructions of the Court, and the judgment must be affirmed with costs.

The fact that the plaintiff believed his wife to be bewitched did not show him incompetent to make contracts. *Addington et al.* v. *Wilson et al.,* 5 Ind. R. 137.

· The fact that the consideration might not, in the judgment of others, be adequate, did not render the contract void. *Brown et al.* v. *Budd,* 2 Ind. R. 442.

These were circumstances for the jury, and they considered them in connection with the other evidence in the cause.

The judgment is affirmed with costs.

*J. Ryman,* for the appellant. (1)

*W. S. Holman,* for the appellee.

(1) Mr. *Ryman* cited *Ash et al.* v. *Daggy,* 6 Ind. R. 259; *Hackleman* v. *Moat,* 4 Blackf. 164.