Crouse *v.* Holman.

———————— ✦◆✦ ————————

CROUSE *v.* HOLMAN.

A conveyance executed by a person *non compos mentis,* and not under guardianship, is not absolutely void, but voidable only.

No contract, valid as to one party, can be held utterly void as to the other.

Section 11, 2 R. S. 1852, p. 233, which declares " every contract, sale, or conveyance of any person, *while a person of unsound mind,* shall be void," applies alone to " a person of unsound mind," found to be so in the mode prescribed by the Statutes.

Crouse *v.* Holman.

Although a mortgagee, holding several notes secured by the same mortgage, which mature at different times, and one of which is due, may foreclose as to all, yet he may institute his suit to foreclose alone as to the note due, and if he do not prosecute but one such suit at the same term of Court, he shall recover costs in each successive foreclosure.

A judgment of foreclosure on one such note can not be pleaded as a bar to a subsequent suit on the same mortgage to enforce payment of another note, because said notes may properly be considered as so many successive mortgages, and successive causes of action.

The best and only legitimate evidence of the value of land at the time of its sale, is the opinion of witnesses who have personal knowledge of the land, and, from their own observation, have become acquainted with its value.

A person, alleging unsoundness of mind at a particular time, must establish, by the preponderance of evidence, that he was not of sound mind at the given time; but when it appears that a person was, at a given time, of unsound mind, unless the unsoundness was occasioned by some temporary or transient cause, the legal presumption arises, that that state of mind continues, until the contrary is made to appear, by evidence; but if, notwithstanding such unsoundness, the person had sufficient disposing memory, as if the unsoundness consisted of monomania, not impairing his capacity to acquire or dispose of property, then it devolved upon the party interested to sustain his acts in the particular case, to show that fact by evidence.

APPEAL from the *Tippecanoe* Circuit Court.

DAVISON, J.—This was an action by *Holman* against *Crouse*, to foreclose a mortgage upon real estate, in *Tippecanoe* county. The mortgage bears date January the 1st, 1856, and was given to secure the payment of seven promissory notes, each of even date therewith, and each for one thousand dollars. The last three notes, viz.: one payable January the 1st, 1860, another due January the 1st, 1861, and another payable on the 1st of January, 1862, were alone involved in this suit.

Crouse v. Holman.

Defendant's answer consists of a general denial and four special defenses. The second and fifth make no points in the case, and will not, therefore, be further noticed. The third defense alleges, that the notes and mortgages sued on, with other notes, were given for the purchase money of the land described in the mortgage, which was, at the date of the mortgage, sold and conveyed by the plaintiff to the defendant, and that, at the time of the supposed execution of said notes and mortgage, by the defendant, he was of *unsound mind*, and incapable of transacting business, which unsoundness of mind was, at that time, well known to the plaintiff, who was then expressly notified thereof by the defendant's mother; but the plaintiff, with a full knowledge of the defendant's condition, sold him the land for a sum greatly beyond its value, to wit: the sum of two thousand dollars more than it was worth; wherefore, defendant says, that he did not execute said notes and mortgage, or either of them. Defendant avers that he has paid a large amount of said purchase money, viz.: the sum of six thousand four hundred and fifty dollars; has made lasting and valuable improvements on the land, and has paid taxes thereon to the amount of one hundred and twenty dollars; that he has been in possession of the land from the 10th of April, 1856, until the present time, and he offers to account for the rents and profits of the land, etc., after deducting the value of said improvements and the amount paid for taxes, and to have the same deducted from the purchase money paid to the plaintiff as aforesaid, and for any balance of such purchase money, with interest, etc., the defendant demands judgment, etc. This paragraph is verified by affidavit.

By the fourth defense, it is alleged, *inter alia*, that the plaintiff, at the April term, 1858, recovered a judgment against the defendant, in the *Tippecanoe* Circuit Court, upon the same identical mortgage, for the foreclosure of all

the equity of redemption of the defendant, in and to the lands therein described, etc., all of which will appear, etc.

To the third defense, the plaintiff replied, that on the 1st of January, 1856, he executed, to the defendant, a deed in fee simple, for the land described in the mortgage; that, at the same time, the defendant paid him two thousand five hundred dollars, and executed the mortgage and notes in suit, with several other notes, for the balance of the purchase money; that defendant took possession of the lands sold, on the 1st of April, 1856, and continued in possession, and still was in possession, enjoying all the rents and profits; that he had voluntarily paid the first, second, third, and fourth installments of the purchase money, as they respectively matured, not making any objection, either that the mortgage and notes had been obtained from him by fraud, or that, at the time he executed them, he was of *unsound mind*, or that the bargain was hard, or that any advantage whatever had been taken of him. And further, the reply alleges that defendant was, at the time he took possession of the premises, in April, 1856, of sane mind, and had so remained up to the time of the bringing of this suit, and that he had, at divers times, expressly ratified his contract; that, in so taking possession of the premises, and enjoying the rents and profits, and voluntarily paying the several installments as they became due, being all this time of sane mind, and of full capacity to transact business, he fully ratified and confirmed his contract of purchase, and the execution of the mortgage and notes sued on, etc.

The reply to the fourth defense, after setting out the record of the former recovery, mentioned in that defense, alleges that no other foreclosure had been had; that it was taken, on a warrant of attorney, executed by the defendant, authorizing a judgment to be confessed against him, on one of the notes secured by the mortgage, and the foreclosure of the mortgage, and that the proceedings set out in this

Crouse *v.* Holman.

reply were had, in pursuance of an express agreement entered into between the defendant and Robert C. Gregory, the then attorney for the plaintiff; that the foreclosure of the mortgage for the note then due was not to operate as a discharge of the mortgage security for the remaining notes; nor was it in any manner to operate to the prejudice of the plaintiff's rights to enforce the security as to the notes secured by the mortgage, and not then due. And, further, no execution was ever issued, or sale had, under that decree of foreclosure; but the defendant voluntarily paid the amount, in that suit, adjudged against him.

To these replies the defendant demurred severally, but his demurrers were overruled, and he excepted. The issues were submitted to a jury, who found for the plaintiff. Motions for a new trial, and in arrest, denied, and judgment on the verdict.

At the proper time the defendant moved this instruction: "If the jury believe, from the evidence, that the defendant, at the time of making the contract in question, was a person of unsound mind, and the plaintiff, knowing that fact, took advantage of the defendant's weakness to drive an advantageous bargain, then the contract is utterly void, and can not be confirmed, unless upon some good and sufficient consideration." The Court refused so to instruct the jury, and the defendant excepted. It may be noted that the point made by this instruction is involved, also, in the reply to the third defense.

We have a statute "defining who are persons of unsound mind, and authorizing the appointment of guardians for such persons," etc., which says: section 1, that "The words, 'persons of unsound mind,' as used in the statute, or in any other statute of this State, shall be taken to mean any idiot, *non compos*, lunatic, monomaniac, or distracted person." The statute then points out the mode of proceeding against any one alleged to be "a person of unsound mind, and inca-

pable of managing his own estate," authorizes an issue as to such unsoundness of mind to be made, and tried by a jury, and provides that "If such jury shall find" the person alleged to be "of unsound mind" to be so, "the Court shall appoint a guardian for such person, who shall have custody of his person, and the management of his estate." The statute also provides, that whenever it is alleged that such person of unsound mind has become of sound mind again, the fact may be tried and determined in the same manner as the allegation of the unsoundness of mind." And further, the same statute declares, in section 11, that "Every contract, sale, or conveyance of any person, *while a person of unsound mind, shall be void.*"   2 R. S. pp. 233, 234, 235.

The section just recited is relied on by the appellant as *settling* the point under discussion.   He contends, that under it the contract entered into by him, he being at the time of unsound mind, was absolutely void, and, in sequence, incapable of ratification.   We are not inclined to adopt that conclusion.   It is not pretended that *Crouse*, the defendant, had ever, under the provisions of the statute, been found to be "a person of unsound mind," and the result seems to be that that section does not strictly apply to the case at bar. Thus, it has been decided that "The deed of a person, *non compos mentis*, under guardianship, is void; that the decree and letters of guardianship take from him all capacity to convey; but the deed of such person, not under guardianship, conveys a seizin, it being voidable only, and not void." *Wait* v. *Maxwell*, 5 Pick. 217.   In view of this decision, which seems to be correct, we deem the section above quoted as applicable alone to "a person of unsound mind," found to be so in the mode prescribed by the statute.   At all events, the term "void," used in the section, when applied to the contract of a person *non compos*, not under guardianship, should not be taken in its precise technical sense, as contradistinguished from "voidable." *Allis* v. *Billings*, 6 Met. 415.

In that case it was held, that "A deed, conveying land, by a person when of unsound mind, was voidable only, and not void." The case thus cited, is relied on in *Arnold* v. *The Richmond Ironworks*, 1 Gray 434, as a correct exposition of the law. And see, also, 1 Blackstone's Com. 241, where it is said that "Idiots, and persons of non-sane memory, infants, and persons under duress, are not disabled to convey or purchase; but *sub modo* only, for their conveyances and purchases are voidable only, and not absolutely void." But, in this case, it must be conceded that, as to Holman, the plaintiff, the contract is plainly valid; and it may, in our judgment, be laid down as a settled rule, that no contract, valid as to one party, can be held utterly void as to the other. 15 John. R. 528. Our opinion is, that the demurrer to the reply to the third defense was correctly overruled, and that, in refusing the instruction, there was no error.

It appeared, by the evidence, that the plaintiff, at the April term, 1858, recovered a judgment against the defendant in the *Tippecanoe* Circuit Court, upon one of the notes secured by the mortgage, and the only one then due, and also a decree of foreclosure, and an order of sale as to the amount recovered; but it also appeared, that that judgment was paid off by the defendant, without sale of the mortgaged premises. In reference to this evidence, the defendant moved thus to instruct the jury: "If you believe that the plaintiff had had one foreclosure of the mortgage now in suit, and had not foreclosed as to all the notes therein embraced, then, the plaintiff having neglected to recover for all he might in said foreclosure, is estopped and barred from a second foreclosure of the same mortgage, unless you should find that there was an understanding or agreement between the plaintiff, or his attorney, and the defendant, that the same should not operate to prevent a future foreclosure of the same mortgage." The Court refused the instruction. We are referred to *Fischli* v. *Fischli*, 1 Blackf. 360, where it

is laid down as a general rule, that " Whenever a matter is finally determined by a competent tribunal, it is considered at rest forever; and that this principle embraces not only what was actually determined, but every other matter which the parties might have litigated in the cause." As we understand the latter branch of the rule, it relates simply to every matter which might have been litigated under the pleadings in the cause. Does it apply to the question raised by the instruction? The statute authorizes a party, who holds notes secured by a mortgage, which are due at different periods of time, when one or more of them become due, to foreclose the mortgage as to all the notes. 2 R. S. p. 176. Still, he may, as in this instance, institute a suit to foreclose alone as to a note which has become due, because the notes being due at different periods, are considered as so many successive mortgages; and it seems to follow, that they may, in respect to the foreclosure, be deemed so many successive causes of action. *Harris* v. *Harlen*, 14 Ind. 439; *Murdock* v. *Ford*, 17 *Id.* 52. If this construction be correct, and we think it is, a judgment of foreclosure on one of the notes can not be pleaded as a bar to a subsequent suit on the mortgage. But there is another reason why the plaintiff's action was not barred by the former recovery. The defendant paid the judgment debt; the mortgaged premises were not sold under the decree. He still retained his equity of redemption, and the result is, the foreclosure was incomplete, and not effective for any purpose, other than to preclude a second recovery and foreclosure, as to the note embraced in the proceeding. The Court, it seems to us, in its refusal to give the instruction, committed no error. During the trial, the defendant offered to prove by Miller, a witness, that, some eight months prior to the sale of the lands to defendant, the plaintiff proposed to sell them to witness for two thousand dollars less than he afterward sold them to defendant, in similar payments; and that the lands, in that space of time, had not

changed in value. This evidence was refused, and, we think, correctly. What the plaintiff may have offered to take for his land eight months before he sold it, is no proper measure of its actual value when he did sell it; and, though the value may not have changed within the stated period, still, the plaintiff, when he offered to sell, may have acted under inducements to take less than the real value. Indeed, the best and only legitimate evidence of the value of the land, at the time of the sale, would be the opinion of witnesses who had a personal knowledge of the land, and, from their own observation, had become acquainted with its value.

Another question arises in the record. The defendant, at the proper time, moved to tax the costs against the plaintiff, upon the ground that the mortgage, sought to be foreclosed in this action, had been, at a previous term of the Court, foreclosed, as to one of the notes thereby secured. The motion was overruled, and an exception taken. In support of this motion we are referred to section 401 of the Practice Act. That section provides thus: "When the plaintiff shall, *at the same Court,* bring several actions against the defendant, upon demands which might have been joined in one action, he shall recover costs only in one action, unless it shall appear to the Court that the actions affect different rights or interests, or other sufficient reasons exist why the several demands ought not to have been joined in one action." 2 R. S. p. 127. As we construe this section, the words "at the same Court," in the connection in which they are used, were intended to mean "at the same term" of the Court. This construction, in view of the entire enactment, is obviously correct, and being so, the section does not apply to the point involved in the motion. The plaintiff, it is true, might, when he instituted the first suit on the mortgage, have included all the notes which it secured; but, as we have seen, it was competent for him to foreclose as to one or more of the notes that had matured. And having done

this, he may, at a subsequent term of the same Court, proceed to foreclose as to the other notes, without incurring the penalty prescribed by the statute, of paying the costs of suit.

The defendant moved another instruction, which is as followows: "It devolves on the defendant, in this case, to show, by the preponderance of evidence, that he was not of sound mind at the time he made the contract involved in this case; but when it appears in proof that a person was, at any given time, of unsound mind, (unless from some temporary or transient cause,) the legal presumption is, that that state of mind continues until the contrary is made to appear by evidence. But if, notwithstanding such unsoundness, the defendant had sufficient disposing memory; if the unsoundness consisted, for instance, of monomania, not impairing his capacity to acquire or dispose of property, it devolves upon the plaintiff, in this case, to show that fact." This instruction, thus moved, was refused by the Court, and the defendant excepted. In this, we think, there was error. There is evidence in the record, tending to prove a state of facts to which the instruction was applicable, and, in our judgment, the instruction itself enunciates a correct exposition of the law. In *Kenworthy* v. *Williams*, 5 Ind. 375, which was a proceeding to invalidate a will, it was held, that "Where unsoundness of mind is established, the burden of proving a sufficient disposing memory, when the will was executed," devolved on the party setting up its validity. This decision is sustained by numerous authorities, and is, it seems to us, decisive of the point under consideration. For the error in refusing the last instruction, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Robert C. Gregory* and *William C. Wilson,* for the appellant.
*Z. Baird* and *J. J. Jones,* for the appellee.