## WADE *v.* THE STATE, EX REL. NIX.

PLEADING.—*Demurrer.*—*Unsound Mind.*—A complaint sought relief from a transaction between the plaintiff and defendant, made when the former was of unsound mind, and there was no averment of a restoration to soundness of mind.

*Held,* that the court would presume the want of capacity to continue, but that this objection to the complaint would be considered waived unless the want of capacity to sue were presented by demurrer or answer.

APPEAL from the Lagrange Common Pleas.

DOWNEY, J.—Suit by the appellee on a guardian's bond. Wade was the guardian. The security on the bond was not served with process, and consequently does not appear as a party. Nix, as relator, alleges that Wade was appointed his guardian on the 27th day of February, 1866, and that during that month he received three hundred dollars, and afterward the sum of fifty-five dollars, the property of said ward, Nix; that Wade did not, when his ward became twenty-one years of age, nor has he at any time since accounted for and paid over to the relator said sums of money, nor any part thereof; that the relator, when he became twenty-one years of age, demanded of and required the guardian to settle with and pay over to him said sums of money; that before the relator became twenty-one years of age, the defendant fraudulently induced him to purchase of the defendant certain described

Wade *v.* The State, *ex rel.* Nix.

real estate in Lagrange county, Indiana, for the sum of four hundred and fifty dollars, which was twice its value, retaining in his hands the money aforesaid; that Wade had no title to said land, and knew that he could not procure a title to one-third of it; that afterward, and before relator was twenty-one years of age, Wade induced him to trade said land to him for eighty acres of wild land in Iowa, which the relator had never seen, and which was, at the time, delinquent for taxes, and took the relator's note for one hundred and fifty dollars, and a mortgage on the Iowa land as the difference; that after the relator became of age, he requested the defendant to take back the land and pay him his money, which he refused to do, and directed him to sell said Iowa land to Cyrus Wade, minor son of said defendant, which the relator did, and as a consideration therefor received a silver watch worth about fifteen dollars, a pair of skates, and the note of said Cyrus for seven dollars, which defendant purchased of him for five dollars; that the relator was, at the time of all of said transactions, and for a long time prior thereto, a person of weak and unsound mind, and had not mind sufficient to understand and comprehend the nature and effect of the transactions, or to understand and transact ordinary business affairs, which Wade well knew; wherefore, etc.

The defendant answered, first, the general denial; second, payment to the relator after he arrived at majority; third, that on the 15th day of March, 1868, he settled with said relator, and that, too, one year after he arrived at the age of majority, and paid and satisfied said demand in full.

Without any reply, so far as the record shows, there was a trial by the court, finding for the plaintiff, motion for a new trial, on the ground that the finding of the court was not sustained by the evidence and was contrary to law, overruled, and judgment on the finding for the plaintiff.

The assignment of errors is on a detached copy of the answer, certified up after the original transcript was filed, and possibly ought to be disregarded. But we have concluded to overlook the irregularity, as the case was once be-

fore dismissed because there was no assignment at all. The alleged errors are, first, that the complaint does not state facts sufficient to constitute a cause of action; and, second, that the court erred in refusing to grant a new trial.

In examining the complaint, the first thing that occurs to us is the fact that while it is alleged that the relator was, at the time of the transactions in question, and for a long time prior thereto, a person of weak and unsound mind, etc., he yet sues in his own name as relator. The rule of law requires us, in the absence of any allegation to the contrary, to presume that this unsoundness of mind continues to the present time. Does not the complaint, in alleging this fact, become *felo de se?* After an examination of the sections of the code on the subject of demurring, etc., and particularly section 54, 2 G. & H. 81, we have come to the conclusion that by not raising the question of the plaintiff's want of capacity to sue by demurrer or by answer, the objection is waived, and cannot now be presented for the first time.

The appellant insists that the complaint is insufficient, because it does not sufficiently allege a demand upon the guardian to account and pay over the estate which was in his hands. While it is conceded that there is an allegation of demand, yet it is claimed that it is followed by other matters which qualified and destroyed the effect of it.

The purchase of the land in Indiana, and its exchange for that in Iowa, are both alleged to have taken place while the ward was yet a minor, and was of unsound mind. On account of the infancy, the transactions were voidable by the ward on arriving at majority. *Sherry* v. *Sansberry*, 3 Ind. 320. And, on account of the insanity, they were voidable if not void. 2 G. & H. 575, sec. 11; *Crouse* v. *Holman*, 19 Ind. 30. We are inclined to hold the allegation of a demand made after the ward arrived at majority as sufficient. If he was insane, he could not reconvey the land to his guardian. If the making of a deed was necessary and possible, we think it may with great propriety be held that the conveyance of the land to the minor son of the defendant, by the defend-

ant's direction, was sufficient. The conceded facts of the case appeal to the court very strongly in favor of the plaintiff. He was, as alleged in the complaint, entitled to receive from the defendant three hundred and fifty-five dollars. After their trades, two of which are alleged to have been made while he was yet a minor, and the other by direction of the defendant, he comes out with a fifteen dollar silver watch, five dollars in money, and a pair of skates, with his note and mortgage for one hundred and fifty dollars outstanding. Such a result ought to be presumed to be the offspring of deceit and fraud. We hold the complaint sufficient.

The only other question is as to the correctness of the ruling of the court in refusing to grant a new trial on the motion of the defendant. The finding and judgment were for two hundred and fifty dollars. We have read the evidence. It tends very strongly to show the weakness of mind of the relator and his incapacity for business. As to his infancy it is conflicting. We cannot reverse the judgment on account of the insufficiency of the evidence.

*Per Curiam.*—The judgment is affirmed, with ten per cent. damages and costs.

*J. B. Wade* and *J. B. Black*, for appellant.
*A. B. Kennedy*, for appellee.