———o———

## THE MIAMI VALLEY FURNITURE COMPANY *v.* WESLER ET AL.

JUROR.—*Disqualification of.*—*Quære*, whether the fact that a person called to serve on a jury as a talesman is subject to challenge because he has a suit pending at the same term of the court.

SAME.—Where the evidence as to the supposed disqualification of a juror is conflicting, the decision of the court below will not be disturbed on appeal.

NEW TRIAL.—*Evidence.*—The Supreme Court will not review the ruling of a lower court on a motion for a new trial based on the ground that the verdict was not supported by sufficient evidence, where the evidence is conflicting.

From the Dearborn Circuit Court.

*J. D. Haynes, J. K. Thompson, F. Adkinson*, and *G. M. Roberts*, for appellant.

*J. Schwartz, W. H. Bainbridge*, and *O. B. Liddell*, for appellees.

DOWNEY, J.—This was an action by the appellees against the appellant, to recover the price and value of certain stone coal sold by the plaintiffs to the defendant. The complaint was in two paragraphs, the first being special, and the second in the general *indebitatus* form. Answer:

1. A general denial.

2. Payment.

Reply in denial of the second paragraph of the answer.

Trial by jury. Verdict for the plaintiffs. Motion for a new trial made by the defendant overruled, and judgment on the verdict. The error assigned is the refusal of the court to grant the defendant a new trial. Only two of the

grounds mentioned in the motion for a new trial are relied upon here. The first is, that one of the jurors was called into the jury box as a talesman, and being sworn to answer as to his competency to sit as a juror, when interrogated, said he had no suit pending in the court at that term, and was not a party to any suit pending for trial at that term, when, in truth and in fact, he was a party defendant in an action, the number and title of which are given in the motion, then pending in the court for trial at that term, and in consequence of which wrong answer the defendants allowed the juror to remain on the jury, and he did sit and act as the foreman of the jury, the defendant and his counsel being wholly ignorant that he was a party to said pending suit.

Section 2 of the act prescribing the manner of impanelling petit jurors, etc., 2 G. & H. sec. 31, after providing for the issuing of process for the summoning of the jury, the calling of the list on the first day of the term of the court, and the filling of vacancies if any of those selected and summoned do not appear, has this further provision: " And should the panel not be full at any time on the calling of a cause to be submitted to a jury, the court shall direct it to be filled from other competent citizens of the county: Provided, that in no case shall such sheriff summon or select any person who has a cause pending in such court for trial at that term, except he be of such regular panel." Whether the fact that a person called to serve on a jury, as a talesman, has a suit pending in the court for trial at that term is a ground for challenge, or whether the statute is only directory to the sheriff, or for the purpose of relieving the suitor so called from serving, except at his option, has not been decided by this court, so far as we are advised, nor need we decide it in this case. Three affidavits were filed in support of the reason for a new trial, two of them by the counsel of the defendant, and the other by the president of the company, to the effect that the juror was interrogated by one of the counsel for the defendant, and that he stated that he had no cause pending, etc.

Six affidavits were filed by the plaintiffs, one by the juror in question, two by other jurors in the case, and three by the attorneys for the plaintiffs, to the effect that the juror was interrogated by one of the counsel of the plaintiffs, and not by one of the counsel for the defendant; and four of them, the juror in question and the three attorneys for the plaintiff, stated in different language that the objection to the juror that he had a cause pending was expressly waived by one of the counsel for the defendant. Thereupon the counsel for defendant each in an additional affidavit denied that the waiver of the objection was made as stated.

When the recollection of those who were present and participating in the trial of the cause is so at variance as to what took place, we cannot reverse the ruling of the court on the point. Conceding that the objection to the juror was good in a legal point of view, still it was competent for the parties, or either of them for himself, to waive it. We cannot say that the waiver was not made.

The other ground relied upon is, that the damages awarded by the jury were excessive. Both of the plaintiffs testified as to the quantity of the coal delivered, and several witnesses on the part of the defendant testified to the quantity as ascertained by them from a measurement of the coal in the pile after it had been delivered. Some of the coal was delivered to hands working for the company at their residences. If each of the plaintiffs delivered the quantity of coal which he testified he delivered, then the amount of the verdict was not too large. Fred. Wesler testified that he delivered to the factory twenty-six hundred and seventy-three bushels and five pounds, and to hands working at the factory, by order of the president of the company, seven hundred and thirty-eight bushels and sixty-five pounds.

Chris. Wesler testified that he delivered to the company twenty-six hundred and fifty-three bushels and thirty pounds, and one hundred and twenty-one bushels and twenty pounds to two hands of the factory. If we make no mistake, the total quantity is six thousand one hundred and eighty-six

bushels and fifty pounds, reckoning seventy pounds to the bushel; and estimating the coal at seventeen cents, the price bushel, and estimating the coal at seventeen cents, the price at which the president of the company claims to have been agreed upon, we have one thousand and forty-nine dollars and seventy cents. There was paid by the defendant one hundred dollars, which leaves nine hundred and forty-nine dollars and seventy cents. The verdict was for nine hundred and forty-five dollars and twenty cents, four dollars and fifty cents less than the amount resulting from our calculation. If the jury believed the testimony of the plaintiffs, and thought it more reliable than the evidence on the other side tending to show that a less amount of coal was delivered than testified to by the plaintiffs, they had a right to do so.

The best that can be said for the appellant is, that the evidence is conflicting. In such cases, this court cannot disturb the judgment.

The judgment is affirmed, with costs.