STATE vs. WILNER.

CRIMINAL LAW: *(1, 3) Instructions in criminal cases. (2, 3) Presumption of insanity.*

1. Judgment for a high crime cannot be sustained where the court has refused an important instruction asked for the accused, solely on the ground of verbal inaccuracy; but it is the duty of the judge, in such a case, to correct the inaccuracy and give the instruction.
2. The rule, *semel furibundus, semper furibundus præsumitur*, does not apply to cases of occasional or intermittent insanity; but does apply to all cases of habitual or apparently confirmed insanity, including every species of mental aberration or insane delusion.

3. Where, therefore, there was evidence strongly tending to establish permanent delusion connected with and leading to the homicide for which defendant was indicted, it was error to refuse an instruction that " when insanity is once proved to exist, it is presumed to exist until the presumption is overcome by contrary or repelling evidence."

APPEAL from the Municipal Court of the City and County of *Milwaukee*.

The defendant, *Josephine A. Wilner*, was prosecuted in said court, on an information of the district attorney of said county, which charged her with having, on the 2d day of March, 1876, at said county, wilfully, feloniously, and of her malice aforethought, killed and murdered John E. Garner; and a verdict was found against her. From a judgment pursuant to the verdict, this appeal was taken.

The record is extremely voluminous, and manifold errors are assigned, which were argued here at length; but the ground upon which the judgment is reversed, will sufficiently appear from the opinion.

*W. H. Ebbetts* and *J. B. Burrows*, for the appellant, to the point that the court erred in refusing the instruction recited in the opinion, *infra*, cited *Wray v. Wray*, 33 Ala., 187; *Haynes v. Swann*, 6 Heisk., 560; *Carpenter v. Carpenter*, 8 Bush, 283; 38 Cal., 183; 53 Barb.; 180; *Crouse v. Holman*, 19 Ind., 30; *Stewart v. Redditt*, 3 Md., 67; 3 Har. (Del.), 342; *Jackson v. Van Dusen*, 5 Johns., 144; *Baldwin v. The State*, 12 Mo., 231; *State v. Johnson*, 40 Conn., 136; 1 Greenl. Ev., 371.

*The Attorney General*, for the state.

RYAN, C. J. The defense in this case conceded the homicide, and rested on the insanity of the prisoner at the time of its commission. Evidence was given on behalf of the prisoner strongly tending to establish, not total insanity, but delusion connected with the fatal act and leading to it; showing want of reason sufficient to enable her to distinguish between

right and wrong in the act. 2 Greenl. Ev., § 372; *Baldwin v. The State*, 12 Mo., 233. This evidence tended to establish the prisoner's condition of mind, from time to time, for several years prior to the homicide.

The prisoner's counsel requested the court below to charge the jury, that, " although sanity is presumed to be the normal state of the human mind, when insanity is once proved to exist, it is presumed to exist until the presumption is overcome by contrary or repelling evidence."

The instruction was refused. Some such instruction was clearly right and pertinent to the case; and the refusal to give it was error sufficient to reverse judgment on the verdict.

*Semel furibundus, semper furibundus præsumitur.* The instruction itself sufficiently and accurately states the general rule, as it is found in the books. 1 Greenl. Ev., § 42; 2 id., §§ 371, 689; *Jackson v. Van Dusen*, 5 Johns., 144; *Armstrong v. Timmons*, 3 Har., 342; *Crouse v. Holman*, 19 Ind., 30; *Wray v. Wray*, 33 Ala., 187. The rule does not apply to cases of occasional or intermittent insanity; but it does to all cases of habitual or apparently confirmed insanity, of whatever nature. *Brooke v. Townshend*, 7 Gill, 10; *Crouse v. Holman, supra.*

The attorney general conceded the rule and the error of the refusal, unless we should hold the term *insanity* inapplicable to the prisoner's delusion. But we apprehend that the word is broad enough to include every species of mental aberration, sickness of the mind. See Bouvier's Dict. Sir John NICHOLL says that the true test of the absence or presence of insanity, is the absence or presence of delusion. Insane delusion is insanity, whether partial or general. *Dew v. Clark*, 3 Addams, 79.

The instruction would doubtless have been more accurately phrased had it been restricted in terms to habitual insanity. But the prisoner's delusion did not appear to be occasional, but permanent. The jury could not have misunderstood the application of the instruction to the case before

them. And we could not sustain judgment for a high crime, upon refusal to give an important instruction, solely on the ground of verbal inaccuracy. In such a case, it would be the duty of the presiding judge to correct the inaccuracy and give the instruction.

The instruction was certainly pertinent to the evidence. And we cannot help thinking that the refusal to give it may have had an important influence on the verdict. It was argued for the state in this court, it may have been argued in the court below, or the jury may have considered, that, whatever may have been the condition of the prisoner's mind in Ohio before her fatal journey to Milwaukee, her conduct on the journey and in the commission of the homicide did not indicate insanity; but, on the contrary, appeared as the conduct of a sane person. It is universally recognized that, except perhaps in cases of total loss of reason, insanity does not always exhibit itself in the language or acts of the insane. And it may well be that the jury believed, for want of the instruction refused, that they might assume the prisoner's sanity, at the time of the homicide, from the circumstances accompanying and immediately preceding it, without giving any effect to the evidence of her previous delusion. That evidence, as we read it in the bill of exceptions, appears to us so convincing as to make it difficult to account for the verdict of guilty in any other way.

This is sufficient to require a new trial of the prisoner. Many other exceptions were argued in this court; but we do not deem it necessary to pass upon them.

*By the Court.*— The record is remanded to the court below, with directions to set aside the verdict and grant a new trial.