CORYELL ET AL. *v.* STONE, EXECUTOR, ET AL.

EVIDENCE.—*Competency of Juror.—Supreme Court.—Weight of Evidence.*—
Where the evidence is conflicting in regard to the competency of a juror to sit as such, the ruling of the lower court in sustaining a challenge to him will not be interfered with by the Supreme Court on appeal.

SAME.—Such a ruling is not ground, in any event, for reversing a judgment, unless it be shown that the party complaining thereof was injured thereby.

SAME. —*Contesting Validity of Will.—Husband and Wife.—Declarations of*

Coryell *et al. v.* Stone, Executor, *et al.*

*Wife.*—The declarations of the wife of a defendant, in an action to contest. the validity of a will, as to the mental condition of the testator, are inadmissible on the trial of the cause, though, on the death of such defendant, the wife was, subsequent to making such declarations, made a party defendant.

SAME.—*Cross-Examination.*—When the answer to a question on cross-examination is harmless, error in permitting the question is also harmless.

SAME.—*Improper Evidence Harmless.*—Cross-examination, pertinent to the examination in chief, is harmless, though the latter, had objection been made, should have been excluded.

SAME.—*New Trial.—Motion for.*—Evidence objected to, and the grounds of the objection, should be clearly pointed out in the motion for a new trial.

SAME.—*Contest of Will.—Parties.— Witness.*—In an action against the executor, and the heirs and legatees of the testator, to contest the validity of a will, the fact that the administrator of one of the legatees is a party defendant is not ground for excluding his codefendants from testifying as witnesses on their own behalf.

SAME.—*Medical Expert.—Insanity.*—Testimony by the testator's attending physician, that the fact that the testator had judiciously managed his property, prior to his last sickness and the making of his will, tended to show that he was subject to no delusion while making his will, is competent.

INSTRUCTIONS.—*Must be Numbered.—Practice.— Supreme Court.*—Instructions to a jury, asked and refused, must be distinctly numbered, in order that error assigned upon such refusal may be presented to the Supreme Court, on appeal.

SAME.—Where instructions given to the jury are not in the record, on appeal, the refusal of proper instructions asked by a party is not available as error.

From the Shelby Common Pleas.

*B. F. Love, —— Conner, B. F. Davis, J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellants.

*A. Major, S. Major, C. Baker, O. B. Hord* and *A. W. Hendricks,* for appellees.

BIDDLE, J.—Proceedings to contest the last will and testament of Alexander Rittenhouse, on allegations filed by the appellants, averring unsoundness of mind and undue influence.

Answer; issue; trial by jury; verdict for the appellees. Judgment, over the usual motions and exceptions necessary to prepare the cause for this court, and appeal.

The only assignment of error in this court is, overruling the motion for a new trial.

We will examine the questions presented, in the order they are discussed by the appellants.

1. The first ruling of the court complained of is, sustaining a motion to challenge a juror for incompetency to serve in the case.

The evidence touching the competency of the juror is conflicting. In such a case this court will not disturb the ruling. *Bradford* v. *The State*, 15 Ind. 347; *The Miami Valley Furniture Co.* v. *Wesler*, 47 Ind. 65. And if, indeed, the juror had been competent, it would not be sufficient ground to reverse the judgment, unless it was shown that the appellants were injured thereby. *Carpenter* v. *Dame*, 10 Ind. 125; *Heaston* v. *The Cincinnati and Fort Wayne R. R. Co.*, 16 Ind. 275.

2. At the trial the appellants offered to prove that Margaret Rittenhouse, in August, 1871, made certain statements concerning the condition of a cancer with which the testator was afflicted, to the effect that the cancer had eaten into his skull, and had seriously injured his brain and mind, etc.

The court sustained an objection to the introduction of this evidence.

The evidence shows us that Margaret Rittenhouse was the wife of a brother to the testator, at the time she made the alleged statement, that her husband died during the pendency of the suit, and that after his death she was made a party defendant to the action.

There is no error in this ruling.

It is plain, that, at the time the alleged statement was made, the admissions of Mrs. Rittenhouse could not bind

her husband, nor his estate, nor even herself, and certainly could not bind other parties to the suit.

3.   The defendants below, upon cross-examination, asked Mrs. Loretta Corey, a witness called by the plaintiffs below, a legatee under the will, and a codefendant in the suit, whether she did not ask Dr. Kennedy to speak to the testator about the delicate condition of his health with a view to making his will ?

We do not elaborately examine the propriety of this question, because the answer to it, namely: "I did not ask Dr. Kennedy to do any such thing," renders the question and answer, when taken together, entirely harmless.

4.   The appellants do not discuss the fourth cause assigned for a new trial, further than to say in their brief: "The fourth error assigned.is substantially the same as the third." We must hold, therefore, that they have waived the question ; and, having decided the third, we give the fourth no farther examination.

5.   The plaintiffs below, who are the appellants here, called John W. Hawkins as a witness on their behalf, who, over the objection of the appellees, stated that Mrs. Amy Coryell, who was a sister to the testator, was a person without property, and that she had removed to California to reside with her son, John Coryell, at his request. Upon cross-examination the appellees asked the witness : "Is not John Coryell regarded as a very wealthy man ?" To which the witness answered, over the objection of the appellants : "I understand that he is a wealthy man."

The ruling of the court upon this evidence is complained of by appellants.

Amy Coryell was not provided for in the will. What purpose this testimony in chief could have had except to attack the soundness of the testator's mind, because he did not remember his sister, who was without property in his will, we do not perceive. If the testimony in chief was

properly admitted (a question we do not decide because the ruling is not complained of here), we do not think the question and answer complained of was beyond the fair scope of a cross-examination. *Rush* v. *Megee*, 36 Ind. 69. Perhaps the whole of this testimony was inadmissible. *Willett* v. *Porter*, 42 Ind. 250.

6. The sixth cause assigned for a new trial involves the same principle as that discussed under the second, which has already been decided.

7. The seventh cause assigned for a new trial is in the following words: " Because the court erred in allowing the defendants to ask Jerry Dugan, a witness called by the defendants, whether or not the testator gave to witness instructions to enable him to make the survey." This seems to us too uncertain to inform the court of what the appellants really complained, and does not refer to any thing to make it more certain. It does not inform us what the question objected to was, nor what the objection to it was, nor what the answer to the question was, nor, indeed, whether it elicited any answer or not, nor in what way the survey mentioned was connected with the case.

8. The court, over the objection of appellants, allowed Marquis Chadwick, one of the defendants, to testify in the case. The appellants urge this ruling as erroneous, because the administrator of Samuel Rittenhouse was also a defendant in the case. We cannot perceive why Chadwick was not a competent witness. No judgment could be rendered either for or against the estate of Samuel Rittenhouse, in a suit contesting the will of Alexander Rittenhouse. The ruling could also be sustained, doubtless, under the discretionary power lodged in the court by the witness act, but we think the evidence was competent, of right, and therefore could not properly be denied. 2 R. S. 1876, p. 133, sec. 2 ; *Pea* v. *Pea*, 35 Ind. 387.

9. The appellees were allowed, over the appellants' ob-

jection, to show by the testimony of Dr. Kennedy, that, if the testator acted with good judgment with reference to his property, before he was taken sick, such facts tended to prove that at such time there was no delusion in his mind.

This was not erroneous, Dr. Kennedy was an expert and the physician attending upon the testator, and could properly give a professional opinion upon the subject.

The appellants in their brief have not discussed causes numbered from 10 to 21, inclusive, several of which are too uncertain to present any question. We do not therefore examine them.

22. The twenty-second cause for a new trial assigns the admission of certain evidence of Mrs. Corey touching the filing of a claim in her favor against the estate of Alexander Rittenhouse. We can not find any such evidence in the record.

23. The twenty-third cause assigned for a new trial is not discussed in the appellants' brief. It must therefore be held as waived.

24. The court permitted several of the defendants to testify on their own behalf and on behalf of their codefendants, over the appellants' objection. This is assigned as a cause for a new trial, but it involves the same principle as that discussed in the eighth cause, which has already been decided, and the authorities cited.

25. The appellants state in their brief that the court refused to give to the jury at the trial certain instructions numbered 1, 2, 6, 7, 8 and 11. We find by the record that the court refused to give certain instructions numbered 2, 6 and 7; but there are no instructions in the record numbered 1, 8 and 11. We find several disconnected paragraphs of instructions in the record, besides those numbered 2, 6 and 7, but they are without numbers, and it would be an extremely unsafe practice for us to decide

which was 1, 8 or 11, either from the order in which they occur, or by any other means. In this case it would be impossible. We must hold, therefore, that only those instructions numbered 2, 6 and 7 are properly before us. " When the argument of the cause is concluded, the court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge, if required by either party." Sec. 324, 2 R. S. 1876, p. 166.

26. The record informs us, that "The court of its own motion gave to and instructed the jury as follows : " But these instructions are not in the record. We must presume, therefore, that they were properly given, and were all that were necessary to the case. With this presumption in favor of the judgment below, and nothing in the record to inform us to the contrary, we can not say that the appellant has been injured by the refusal to give instructions, even though they properly expressed the law applicable to the case, because we must presume that the court has substantially given the same matter of its own motion. *Freeze* v. *DePuy*, 57 Ind. 188.

This practice must be distinguished from that applicable to cases wherein the court gives a wrong instruction to the jury. In such cases we can see that the party complaining has been injured thereby, and no presumption can prevail against the error ; but, when the court refuses to give a right instruction, nothing goes to the jury thereby, and the presumption that the instructions given were correct, and were all that were necessary, still prevails.

We have thus decided all the questions presented by appellants for our consideration. For the general principles supporting this decision, the following authorities may be consulted : *Addington* v. *Wilson*, 5 Ind. 137 ; *Kenworthy* v. *Williams*, 5 Ind. 375 ; *Achey* v. *Stephens*, 8 Ind. 411 ; *Johnson* v. *Johnson*, 10 Ind. 387 ; *Crouse* v. *Holman*, 19 Ind.

30; *Reed* v. *Watson*, 27 Ind. 443; *Sawyer* v. *The State*, 35 Ind. 80; *Willett* v. *Porter*, 42 Ind. 250; *Rabb* v. *Graham*, 43 Ind. 1; *Etter* v. *Armstrong*, 46 Ind. 197; *Sutherland* v. *Hankins*, 56 Ind. 343; *Eggers* v. *Eggers*, 57 Ind. 461.

It is forcibly urged, on behalf of the appellees, that the bill of exceptions is not properly in the record, and, therefore, that there is no question before this court; but we prefer to decide a case upon its merits, when they can be safely reached, rather than upon a technical point of practice. We are therefore excused from examining the question presented by the appellees.

The judgment is affirmed, at the costs of the appellants.