Filed Nov. 23, 1886.

---

No. 12,082.

THE PHYSIO-MEDICAL COLLEGE OF INDIANA v. WILKINSON ET AL.

DEED.—*Cancellation.*—*Quieting Title.*—*Complaint by Heirs.*—*Showing of Interest.*—An allegation in a complaint to cancel a deed and quiet title, that the plaintiffs "are the heirs, and the only heirs, of" the grantor, who, it is averred, died on a certain date, shows that the plaintiffs have such an interest in the property as entitles them to maintain the action.

SAME.—*Mental Incapacity to Convey.*—*Old Age.*—*Presumption as to Continuance of Incapacity.*—*Pleading.*—A complaint by heirs to set aside a deed made by the ancestor three years before her death, alleging that at the date of the deed she was eighty years old, and so enfeebled and debilitated as to be of unsound mind and incapable of comprehending the nature of a contract, is good without averments that she had not subsequently been restored to reason, and had not ratified the contract, as it will be presumed, in such a case, until the contrary is made to appear, that the grantor remained of unsound mind. *Hardenbrook* v. *Sherwood*, 72 Ind. 403, distinguished.

SAME.—*Rescission.*—*Consideration.*—*When Need Not be Restored or Tendered.*
—Where the consideration received by an insane grantor is neither
necessary nor beneficial to him, upon his death a rescission of the convey-
ance may be had by his heirs without restoring or tendering what was
received, although the grantor's insanity had not been judicially declared,
and the grantee acted without knowledge of his incapacity.

From the Hamilton Circuit Court.

*J. S. Duncan, C. W. Smith, J. R. Wilson, W. Wallace, L.
Wallace, T. J. Kane* and *T. P. Davis,* for appellant.

*D. Moss, R. R. Stephenson* and *J. A. Roberts,* for appellees.

MITCHELL, J.—The complaint in this case is in two para-
graphs. The facts found by the jury in their special verdict
show that the verdict and judgment rest exclusively upon
the first paragraph. This is to all intents and purposes con-
ceded in the briefs.

The burden of the appellant's argument is directed against
the complaint, which is questioned here by assigning as error,
" that the complaint does not state sufficient facts to consti-
tute a cause of action."

We will consider only the first paragraph, as the appellees
concede that there are no facts found by the jury which would
sustain a judgment on the second, and under the rule, if there
is one good paragraph, the assignment is not well made.

The material facts which appear in the first paragraph of
the complaint are, that Margaret Wilkinson died intestate,
on the 3d day of May, 1877, leaving the plaintiffs below as
her only heirs at law. On the 11th day of April, 1874, the
intestate was the owner in fee simple of three hundred and
twenty acres of land in Marion county, of the alleged value
of $14,000. On the date above mentioned, she executed a
deed conveying the land so owned by her, to the Physio-
Medical College of Indiana, a corporation duly organized
pursuant to law. The complaint alleges that at the time she
made the deed in question, Margaret Wilkinson was eighty
years old; "that she was greatly enfeebled and debilitated,
both in mind and body, so much so that she was of unsound

mind, and was not of sound and disposing memory," and was incapable of comprehending the nature of a contract or deed. It was also alleged that the deed was made without consideration; that the appellees had given notice to the appellants, before the commencement of the suit, of their disaffirmance of the conveyance on account of the mental unsoundness of the grantor, and that they had demanded possession of the land, which had been refused. They prayed judgment for the cancellation of the deed and the quieting of their title.

The consideration stated in the deed, a copy of which was filed with the complaint, is "Love and affection for the college." The deed contained this further recital, viz.: "Should a worthy young man or woman apply for admission, and not have the means to pay his or her tuition fee, he or she shall have said tuition fee gratis. It is my wish, should said students ever be able to pay said fees thereafter, they will refund said fees to the college, except the following: Silas M. White and Hannah M. White shall not pay for tuition."

The first objection urged to the complaint is, that it does not appear from any facts therein specifically stated, that the plaintiffs below had such an interest in the property in controversy as entitled them to maintain an action to cancel the deed. The allegation in that respect is as follows: "That, on the 3d day of May, 1877, Margaret Wilkinson died intestate; that the plaintiffs are the heirs, and only heirs of said Margaret Wilkinson, deceased."

The averment that the plaintiffs are the heirs of the intestate, it is said, is but the statement of a conclusion of law. We do not concur in this view. It was equivalent to a statement of the fact, that the appellees stood in such relation of kinship to Margaret Wilkinson, as that at her death the law of descents cast her estate upon them. If the appellant had deemed it important that the degree of consanguinity or affinity, relatively occupied by the deceased and the plaintiffs, should appear more in detail, a motion to make the complaint more specific might, with propriety, have been entertained.

The objection that the complaint does not sufficiently allege that Margaret Wilkinson was of unsound mind at time she made the deed in question, is without substantial merit.

It is next contended that the complaint is fatally defective,—and this is the point chiefly relied on,—because it contains no averment ·that Margaret Wilkinson had been adjudged a person of unsound mind before the deed in question was made, and because it does not directly and distinctly aver that she was not restored to reason, and had not thereafter ratified the deed before her death.

The argument is, that a deed made by a person of unsound mind, who is not under guardianship, and whose mental unsoundness has not been judicially ascertained, is, at most, only voidable. Not being void, it is capable of ratification in case the grantor is again restored to reason ; hence it is said, since it does not appear by " direct and distinct " averment in the complaint, that Margaret Wilkinson had not recovered her reason between the 11th day of April, 1874, the date of the deed, and the 3d day of May, 1877, the date of her death, and had not meanwhile ratified the deed sought to be cancelled, the case is open to the presumption that such restoration and ratification may have occurred. This conclusion is said to follow from the ruling in *Hardenbrook* v. *Sherwood*, 72 Ind. 403.

Conceding the premises above stated, the conclusion predicated thereon is nevertheless irrelevant, and in our opinion unsupported by the authority relied on.

That the contract or deed of a person of unsound mind, whose mental incapacity has not been judicially declared, is only voidable, is an indisputable proposition, and that a deed or contract made under such circumstances may be affirmed after mental restoration, is equally beyond judicial controversy, but that a person eighty years old, so physically and mentally prostrated as to be of unsound mind, and incapable of comprehending the nature of a contract, will be presumed

from the lapse of time to have recovered her reason, is not maintainable either in reason or upon authority.

*Hardenbrook* v. *Sherwood, supra,* was a case in which one Walburn, in November, 1875, had become replevin bail for the stay of execution on certain judgments. About eighteen months thereafter he commenced an action to obtain relief from the obligation thus assumed, on the ground that at the time of becoming bail, he was of unsound mind. Subsequent to the commencement of the action Sherwood was appointed guardian, and the action was prosecuted in the name of the latter, upon the same complaint filed by Walburn. The opinion lays stress upon the fact that the action to rescind, then before the court, had been commenced by the person who was alleged to have been of unsound mind, at the time the contracts sought to be cancelled were made. In the course of the opinion the court said: "The original complaint in this cause was filed by and in the name of Edward Walburn, as sole plaintiff. * * * * It will be observed that the allegation in the complaint, that the said Walburn was of unsound mind and wholly unable, incompetent and unfit to transact business of any kind, was limited to the precise time when he became replevin bail. * * * It was not alleged that, either before or after that day, he had been or was a person of unsound mind."

From premises thus stated, the court drew the conclusion that in the absence of an averment that Walburn had been judicially ascertained to be of unsound mind, until after the suit was thus commenced, it could not be "fairly inferred" that he was of unsound mind during the period intervening since he became replevin bail, nor could it be presumed that the disability under which he labored when he became replevin bail, was a continuing disability.

Manifestly, no other conclusion could have been reached with propriety, upon the facts stated. The facts now before us present a case widely different from *Hardenbrook* v. *Sherwood, supra.* "The presumption as to the continuance of

The Physio-Medical College of Indiana *v.* Wilkinson *et al.*

insanity * * is one of fact," says an approved author, "varying with the particular case." 2 Whart. Ev., section 1253.

The rule as stated by this court in a case closely analogous is, that "when it appears in proof that a person was, at any given time, of unsound mind, (unless from some temporary or transient cause,) the legal presumption is, that that state of mind continues until the contrary is made to appear." *Crouse* v. *Holman*, 19 Ind. 30. *Musselman* v. *Cravens*, 47 Ind. 1; *Wade* v. *State, ex rel.*, 37 Ind. 180; *Kenworthy* v. *Williams*, 5 Ind. 375.

The rule does not apply to cases of occasional or intermittent insanity, but it does to all cases of apparently confirmed insanity of whatever nature. *State* v. *Wilner*, 40 Wis. 304; *Brooke* v. *Townshend*, 7 Gill, 10.

The complaint before us presents a case of mental unsoundness, accompanied with, and probably resulting from, the infirmities and decrepitude of old age. There is no presumption either of law or fact that passing years give release from such impairment of reason.

The next subject of complaint is the ruling of the court in overruling the appellant's demurrer to the second paragraph of the reply to the second paragraph of the answer.

The answer, to which the reply in question was directed, presented as a defence, in substance, that the grantor, in the deed sought to be cancelled, had not, prior to its execution, been declared a person of unsound mind; that she did not exhibit any appearance of mental unsoundness, and that the defendant, without knowledge of her alleged infirmity or disorder, accepted the deed in good faith. It averred further, that in pursuance of a stipulation contained in the deed, the college had afforded a medical education to a nephew and niece of the grantor free of charge, and that the cost and value of such education was $500, which sum had never been repaid or tendered. In response to this, the reply set up

that soon after the death of Margaret Wilkinson, to wit, in May, 1877, the defendant took possession of the land described, which had upon it a saw-mill, and a number of dwelling-houses, and that from rents received and timber sold, it had realized the sum of $3,000, and that from waste committed on the land while in its possession, by carrying off valuable timber, the value of the land had been lessened in the sum of $5,000.

The infirmity involved in the pleadings lies in the answer and not in the reply.

The rule in respect to contracts made with persons of unsound mind, whose mental incapacity has not been judicially declared, is, that where a contract is honestly made with such a person in ignorance of his mental disorder and incapacity, and the consideration of the contract is fair, and has been actually received and used for his benefit, a rescission can not be had without restoring or offering to restore what has been received. Some of the cases make an exception to this rule, in case the articles received by the person of unsound mind were not actual necessaries, although beneficial to such person. *North-Western M. F. Ins. Co.* v. *Blankenship*, 94 Ind. 535 (48 Am. R. 185), and cases cited.

In the case above cited, a suit was brought to foreclose a mortgage, executed by a husband and wife on the estate of the husband. Both being dead, the wife having survived the husband, her heirs answered, that she was insane at the time she executed the mortgage, and that her debt thereby secured was the debt of the husband. The replies to this answer presented substantially the theory relied on in the answer under consideration here. After an exhaustive examination of the authorities, it was held, that because the wife was insane, and received no benefit from the contract, she became a subject for the protection of the court, and that her rights ought to be enforced for the benefit of her heirs.

As it is not claimed that the grantor in the deed under

The Physio-Medical College of Indiana v. Wilkinson et al.

consideration received anything which was either necessary or beneficial to her, the facts set up in the answer presented no obstacle to a rescission by the heirs of the grantor.

Moreover, the reply under consideration was in itself sufficient. Having confessedly realized $3,000 from the use of the land, even though we should assume that the appellant paid the current taxes while the land remained in its possession, it can not reasonably be contended that its claim for $500 in tuition fees has not been fully liquidated.

Respecting the contention that the special finding of the jury is not supported by the evidence, little need be said. As we have before observed, the special verdict shows affirmatively that it is founded upon the first paragraph of the complaint. It may, therefore, be conceded—and the concession is made by the appellees—that there was no testimony given in support of the second paragraph, which proceeded on the theory that the conveyance had been obtained by fraud and undue influence. The facts found and returned are, however, abundantly sufficient to sustain a judgment on the first paragraph of the complaint, and the findings of the jury are sustained by evidence.

• It is conceded by counsel for appellant, that the questions arising on the special verdict are the same as those presented by the ruling on the complaint. These have been sufficiently considered in what has been said in that connection.

Some questions of minor importance are discussed, having relation to the admissibility of evidence heard during the progress of the trial.

To the admission of some of the evidence now complained of, the record fails to disclose any objection or exception.

In other instances the alleged error of the court in admitting evidence objected to, has not been assigned as a cause for a new trial.

The rulings of the court in respect to the points referred

to are hence not so presented as to require further consideration.

The judgment is affirmed, with costs.

ELLIOTT, J., did not participate in the decision of this case.

Filed Nov. 23, 1886.