*D. P. Baldwin*, for appellants.

———◇———

## ONSTATT v. REAM.

PLEADING.—*Replevin.*—Complaint in replevin before a justice of the peace in the usual form, for "one white shoat of the value of fourteen dollars."
*Held*, that the description of the property was sufficiently specific.
PRACTICE.—*Evidence.*—In the absence of a contrary showing, the Supreme

Court will presume that the evidence was introduced in its proper order on the trial, and was relevant.

SAME.—There is no error in refusing to allow the defendant to introduce testimony in reply to strictly rebutting evidence introduced by the plaintiff.

APPEAL from the Wabash Common Pleas.

GREGORY, J.—This was an action of replevin commenced before a justice of the peace by Ream against Onstatt. The complaint averred that the plaintiff was the owner of, and entitled to the possession of, one "white shoat" of the value of fourteen dollars, of which the defendant had the possession, without right, which was unlawfully detained from him by the defendant, and that the same had not been taken by virtue of any execution or other writ against the plaintiff. The appellant moved in the court below to set aside the cause of action, because, as was alleged, the description of the property in controversy was not specific enough.

In *Pope* v. *Tillman*, 7 Taun. 642 (2 Eng. Com. L. 243), GIBBS, C. J., in speaking for the court, says: "I would not give judgment in this case, without stating that the court have not failed to advert to a case in the time of Lord HARDWICKE, in which it was held that a count for taking a certain parcel of flax, and a certain parcel of paper, was good; and another case, in which the taking fourteen skimmers and ladles, was held sufficient; but there was something to guide the party; here is nothing whatever to guide the party as to the nature of the goods taken."

The description in that case was "divers goods and chattels of the plaintiff." In the case at bar, the number and nature of the property and its value are stated. It is true that no means is afforded by the description by which it could be distinguished from any other white shoat. Mr. CHITTY says: "It must be confessed that as the description of goods or lands must in general be exceedingly similar, there is but little practical utility in this rule except as regards the description of a close by abuttals." 1 Chitty's Pl. (9th Am., from 6th London Ed.) 377. The complaint

was good, and the description of the property sufficiently definite.

There are objections taken to the admission of evidence, on the ground that it was not introduced in its proper order, and for irrelevancy; but the evidence given in the cause is not made a part of the record, and it is impossible, from the part of the testimony given, to determine whether it was rebutting or relevant. We must presume, in the absence of a contrary showing, that the court below did right. If the evidence given was strictly rebutting, then the court committed no error in refusing to allow the appellant to introduce testimony in reply thereto.

The controversy was over the identity of a hog. Each party claimed that the shoat embraced in the suit was his. In the complication of such a question, it is easy to see that the evidence admitted over the objection of the appellant was both relevant and rebutting. If so, then there is no error in the action of the court below.

The judgment is affirmed, with costs.

