WHITE and Others *v.* GARRETSON and Another.

SUPREME COURT.—*Demurrer.*—*Amendment.*—Where, a demurrer to a paragraph of a reply having been sustained, the plaintiff, by leave of court, has amended said paragraph, and the cause has been tried with the amended paragraph as a part of the pleadings, no question can be raised in the Supreme Court upon the ruling on said demurrer.

SAME.—*Demurrer.*—*Withdrawal of Pleading.*—Where, a demurrer to a paragraph of an answer having been overruled, the defendant, by leave of court, has withdrawn said paragraph before trial, no question can be raised in the Supreme Court upon the ruling on said demurrer.

SAME.—*Assignment of Errors.*—*New Trial.*—Where the overruling of a motion for a new trial is not assigned as error, the Supreme Court will not consider any error in relation to giving or refusing to give instructions to the jury, or to propounding to the jury or withholding therefrom special interrogatories.

APPEAL from the Warren Circuit Court.

WORDEN, J.—This was a petition for partition by the appellants against the appellees and others. The appellees were made defendants on the ground that they claimed some interest in the land severally. They answered, setting up title in the appellee Ezekiel Garretson to a part of the land

sought to be parted.    Issue was joined, and the cause as to appellees was tried separately from the other parties.    Verdict and judgment for the appellees.

There are four errors assigned.    The first is in sustaining the appellees' demurrer to the first paragraph of the appellants' reply; the second and third relate to giving and refusing instructions, and to propounding and withholding special interrogatories; the fourth is in overruling a demurrer to the third paragraph of the defendants' answer.

The record sets out the first paragraph of the appellants' reply, and shows, also, that a demurrer was sustained to it; but it further shows that after the demurrer was sustained, the appellants took leave to amend, and did amend it.    The record speaks thus: "Come the parties by their attorneys, and the court grants the plaintiffs leave to amend the first and sixth paragraphs of their reply herein, and the plaintiffs now amend their reply herein by interlineation," &c.    After this amendment no demurrer was filed to it.    The reply set out in the transcript is, beyond doubt, the reply as amended by the interlineation; and, althougth the evidence is not in the record, the charges of the court and the interrogatories propounded to, and answered by, the jury indicate that the reply was regarded as part of the pleadings, and that the appellants had the full benefit of it as such.    This disposes of the first assignment of error.

The fourth assignment stands upon no better foundation. The record shows that the court overruled a demurrer filed by the plaintiffs to the third paragraph of the defendants' answer; but it further shows that subsequently, and as the parties were about to enter upon the trial of the cause, the defendants, with the leave of the court, withdrew that paragraph.

The second and third assignments of error embrace such matters only as should have been made the foundation of a motion for a new trial.    This was done, but no error is assigned on the overruling of the motion.    In order to present the questions sought to be raised, it was necessary to have as-

signed error on the overruling of the motion for a new trial. This was held at least three times by our immediate predecessors, and once by the bench as now constituted. *Whitinger* v. *Nelson*, 29 Ind. 441; *Herrick* v. *Bunting, id.* 467; *Smith* v. *Crigler, id.* 516; and *Tyner* v. *Adams* (*ante*, p. 401), at the present term of this court.

We find no error in the record for which the judgment ought to be reversed.

The judgment below is affirmed, with costs.

*J. M. Butler, J. McCabe, B. F. Gregory,* and *J. Harper,* for appellants.

*Z. Baird* and *W. P. Rhodes,* for appellees.