Hardenbrook *et al. v.* Sherwood, Guardian.

No. 7089.

HARDENBROOK ET AL. *v.* SHERWOOD, GUARDIAN.

INSANE PERSON.—*Void and Voidable Acts.—Ratification.*—The acts of a person of unsound mind, whose insanity has not been judicially ascertained, and who is not under guardianship as provided by law, are not absolutely void, but merely voidable, and are subject to ratification or disaffirmance upon the removal of the disability.

SAME.—*Pleading.—Descriptio Personæ.*—A complaint by a guardian of an insane person, to have an act of such person set aside as void, should allege that such person had been duly adjudged to be of unsound mind, and that such guardian had been legally appointed and qualified. The language, "A., guardian of B., a person of unsound mind, complains," etc., is not sufficient, as it leaves to inference the facts that should be distinctly alleged.

SAME.—*Presumption of Fact.*—Where an insane person, by his guardian, seeks, by an action, to have the act of such person, in becoming replevin bail on a judgment, set aside because of his alleged unsoundness of mind at the time of such act, and the complaint does not allege that, at the time he thus became replevin bail, his insanity had been judicially ascertained, or that he was then under guardianship, it will be assumed that at that time he had not been judicially found to be of unsound mind, and that he was not under guardianship.

SAME.—*Continuing Disability.—Ratification.*—In such case the complaint is not sufficient, if it fails to aver that the alleged unsoundness of mind of the person at the time of the commission of the act sought to be set aside was a continuing disability, or that, upon its removal, such person had not ratified, but disaffirmed, such act.

REPLEVIN BAIL.—*Confession of Judgment.*—When a party executes a recognizance of replevin bail for the payment of a judgment at or before the expiration of the time allowed by law for the stay of execution, he thereby confesses judgment in favor of the judgment plaintiff for the amount of such judgment, and from the date of such recognizance he and his property are bound thereby.

From the Noble Circuit Court.

*J. E. Knisely* and *H. G. Zimmerman*, for appellants.
*W. H. Coombs, J. Morris* and *R. C. Bell*, for appellee.

HOWK, J.—On the 16th day of April, 1877, this suit was commenced by Edward Walburn, as plaintiff, against the appellants, as defendants, in the Noble Circuit Court. Afterward, at the June term, 1877, of said court, with leave

of the court first had, the appellee, Martin V. B. Sherwood, guardian of said Edward Walburn, a person of unsound mind, was substituted as plaintiff in this cause, and thereupon the appellee, as such guardian, filed an amended complaint against the appellants as defendants.

In this complaint the appellee alleged, in substance, that, at the October term, 1875, of the Noble Circuit Court, to wit, on the 19th day of October, 1875, the appellant Mary E. Fleming, administratrix of the estate of George H. E. Fleming, deceased, recovered a judgment against the appellant, the Ligonier Toy Furniture Company, for the sum of $575; that on the same day, and in the same court, the appellant Albert C. Hardenbrook also recovered a judgment against the same company for the sum of $690.67; that on the same day, and in the same court, the appellants John Ebner, Charles Aldag, Andrew Cramer and August Aldag, also recovered a judgment against the same company for the sum of $160.30; that afterward, on the 19th day of November, 1875, the said Edward Walburn became replevin bail, on the order-book of said court, on each and all of the said judgments, for the stay of execution thereon; that, at the time the said Walburn became replevin bail on said judgments, he was of unsound mind, and wholly unable, incompetent and unfit to transact business of any kind—so much so that he did not realize or know what he was doing, or what kind of an obligation would be imposed on him by so doing; that afterward, on the 20th day of April, 1876, executions were issued on each and all of said judgments, by the clerk of said court, to the sheriff of Noble county; that on the — day of ——, 1876, the said sheriff levied each and all of said executions on the real estate of said Walburn, particularly described in the complaint, in Noble county, Indiana; that afterward, under and by virtue of said executions, the said sheriff advertised and sold the said real estate, on the 14th day of July, 1876, to the above named

judgment plaintiffs, who then held the certificate of such sale from said sheriff. The appellants Perrin H. Aldrich and Nathan Gray, who also became replevin bail on each and all of the aforesaid judgments, were made defendants in this action, that they might set up their claims, if any they had, in the premises. The appellee demanded judgment, that the said sheriff's sale of said Walburn's real estate to the above named judgment plaintiffs might be set aside, and in all things declared null and void, and that the said Walburn's signatures as replevin bail on each of the aforesaid judgments, on the order-book of said court, might be declared null, void and of no effect, and the said Walburn released from all liability as such replevin bail, and for all other proper relief.

The appellants Aldrich and Gray made default, but the other appellants jointly demurred to the appellee's complaint for the alleged insufficiency of the facts therein to constitute a cause of action. This demurrer was overruled by the court, and to this decision the said appellants excepted. The same appellants then jointly answered in two paragraphs, of which the first paragraph was a general denial, and the second stated affirmative matters, by way of defence. The appellee's demurrer for the want of facts to the second paragraph of the answer was sustained by the court, and to this ruling the appellants excepted. The issues joined were tried by a jury and a verdict was returned for the appellee, and the appellants' motion for a new trial having been overruled by the court, and their exception saved to this ruling, the court rendered judgment on the verdict for the appellee, as prayed for in his complaint.

The appellants have here assigned as errors the following decisions of the circuit court:

1. In overruling their demurrer to appellee's complaint;

2. In sustaining the appellee's demurrer to the second paragraph of the appellants' answer; and,

3.   In overruling their motion for a new trial.

We will consider and decide the several questions arising under these alleged errors in the order of their assignment.

1.   We have already given a full summary of the facts alleged in appellee's complaint, and it is unnecessary for us to repeat this summary, in this opinion.   The original complaint in this cause was filed by and in the name of Edward Walburn, as sole plaintiff, on the 16th day of April, 1877. In that complaint, it was not alleged that the said Walburn was, at that time, a person of unsound mind, or that he was then under guardianship as such a person.   It may reasonably be concluded, therefore, in the absence of any averment to the contrary, that the said Walburn had not been found and declared, in the proper proceeding for that purpose under the statute, to be a person of unsound mind, and had not, as such person, been placed under guardianship by the proper court, until after the commencement of this suit by the filing, as aforesaid, of his original complaint.   Afterward, on the 5th day of June, 1877, being the second judicial day of the June term, 1877, of the court below, the record shows that the said Walburn, by his attorneys, appeared in court and made proof of the service of process in this cause on the defendants Aldrich and Gray, and had them called and defaulted.   It may be fairly assumed, therefore, that on said 5th day of June, 1877, the said Edward Walburn had not been found to be, and had not been placed under guardianship as, a person of unsound mind.   On the 12th day of June, 1877, the said Walburn's complaint in this cause was amended, "by inserting the name of Martin V. B. Sherwood, guardian of said Edward Walburn, a person of unsound mind, as plaintiff;" and it is apparent from the record that said complaint was not amended in any other particular.

It was not alleged by the appellee, Sherwood, in said amended complaint, that the said Edward Walburn had been.

found, declared and adjudged, in a proper proceeding for that purpose, to be a person of unsound mind ; nor was it alleged even, that he, the said Sherwood, had been appointed by the proper court, and had qualified, as the guardian of said Walburn.   These facts may be inferred, it is true, from the title of the cause in the amended complaint, wherein "Martin V. B. Sherwood, guardian of Edward Walburn, a person of unsound mind," complains of the appellants ; but such facts ought to be alleged and not left to inference merely, in such a complaint as the one under consideration.   As against the appellee, Sherwood, in the absence of any averment to the contrary, it may be fairly inferred from the record of this cause, that the said Edward Walburn was not found to be a person of unsound mind, and the said Sherwood was not appointed guardian of said Walburn, until after the 5th day of June, 1877.   With this inference in mind, it seems clear to us that the facts alleged in the amended complaint were not sufficient to constitute a cause of action in the appellee's favor and against the appellants.

Indeed, we think that the amended complaint is founded upon the erroneous theory, that the acts of Edward Walburn, in becoming replevin bail on the several judgments described in said complaint, were absolutely void, and not merely voidable.   It is settled by the decisions of this court, that the acts or deeds of a person of unsound mind, whose unsoundness of mind has not been judicially ascertained, and who is not under guardianship, as provided in the statute of this State, "defining who are persons of unsound mind," etc., approved May 29th, 1852, are voidable merely, and not absolutely void, and are subject to ratification or disaffirmance upon the removal of the disability.   2 R. S. 1876, p. 598 ; *Crouse* v. *Holman*, 19 Ind. 30 ; *Musselman* v. *Cravens*, 47 Ind. 1 ; and *Freed* v. *Brown*, 55 Ind. 310.   In the case at bar, it was not alleged that Walburn's unsoundness of mind had been judicially ascertained, or that he was under

guardianship at or before the time he became replevin bail on the aforesaid judgments. Indeed, it may fairly be assumed, we think, that he was not found to be a person of unsound mind, and, as such, was not placed under guardianship until after the 5th day of June, 1877, or more than eighteen months after he became such replevin bail.

It will be observed that the allegation in the complaint, that the said Walburn was of unsound mind and wholly unable, incompetent and unfit to transact business of any kind, was limited to the precise time when he became replevin bail on the several judgments described in said complaint, to wit, to the 19th day of November, 1875. It was not alleged that, either before or after that day, he had been or was a person of unsound mind, and from that day until the 12th day of June, 1877, when the appellee filed his amended complaint in this cause, a period of more than eighteen months, it did not appear, nor could it be fairly inferred, from anything stated in the complaint, that the said Walburn had been of unsound mind, or unable or incompetent to transact business of any kind. For the want of such an allegation of fact as the one last referred to, it seems to us that the appellee's complaint failed to state sufficient facts to constitute a cause of action. Under the allegations of the complaint, the contracts of Walburn in becoming replevin bail, as alleged, were not absolutely void, but were merely voidable. *Wray* v. *Chandler*, 64 Ind. 146. These contracts, as we have seen, were subject to ratification or disaffirmance by Walburn upon the removal of his disability. It can not be presumed in the appellee's favor, in the absence of any allegation to that effect, either that the alleged disability of said Walburn was a continuing disability, or that, upon its removal, he had not ratified in any way, but had disaffirmed, his said contracts as such replevin bail.

We are of the opinion, therefore, that the court erred in

Hardenbrook *et al. v.* Sherwood, Guardian.

overruling the appellants' demurrer to the appellee's complaint.

2. In the second paragraph of their answer, the appellants alleged, in substance, that the said Fleming, Hardenbrook and Ebner, Aldag, Cramer and Aldag, on the 19th day of October, 1875, recovered judgments against the Ligonier Toy Furniture Company, as stated in appellee's complaint; that afterward, on the 25th day of October, 1875, the said several judgment plaintiffs sued out writs of execution on their said several judgments and delivered the same to the sheriff of Noble county, directing him to levy the same upon the property of said company subject to execution, and to sell such property in satisfaction of said writs and judgments; that afterward, on the 19th day of November, 1875, the said Edward Walburn, with the defendants Aldrich and Gray, by their recognizance jointly entered upon the judgment docket in said Noble Circuit Court, became replevin bail for stay of execution upon said several judgments; that thereupon the said writs of execution were returned by the sheriff of said county, and upon the expiration of the period of such stay, to wit, on the 20th day of April, 1876, *alias* writs of execution were issued upon said several judgments, against the said Ligonier Toy Furniture Company and said Walburn, Aldrich and Gray, as replevin bail thereon, as provided by law, and delivered to the sheriff of said county; that, pursuant to said writs, the said sheriff on the — day of April, 1876, demanded payment thereof from said Ligonier Toy Furniture Company, and the said company refusing to pay, and having no property subject to execution, the said sheriff, after demand of payment, and refusal by the said Aldrich and Gray, and said Walburn, demanded property of each of them, and finding no property, personal or real, belonging to either of said defendants Aldrich or Gray, the said sheriff thereupon, on the 1st day of May, 1876, demanded personal property of said

Walburn, under said writs; that the said Walburn denied being the owner of any personal property, but directed the said sheriff to levy the said executions on the real estate owned by him, as described in appellee's complaint; that thereupon the said sheriff, on the day and year last named, duly levied the said writs upon the said real estate of said Walburn, and, after duly advertising the sale thereof, afterward, on the 14th day of July, 1876, sold the said real estate under said writs, and with the proceeds of such sale caused the said several judgments, with interest and costs, to be paid and satisfied; that, at the date of the issue of the first writs of execution, the said Ligonier Toy Furniture Company was possessed of assets and property subject to execution, out of which the said writs could have been wholly, or in great part, satisfied; that, by the entry of said recognizances of replevin bail by the said Walburn and said Aldrich and Gray, the said execution plaintiffs were prevented from obtaining satisfaction of their said several judgments to the extent of the assets and property of said Furniture Company, as they otherwise might and would have done; that, long prior to the expiration of the stay of execution on the said several judgments as aforesaid, the said Toy Furniture Company disposed of all its property subject to execution, and suffered the same to be applied to the payment of debts and claims of its creditors, other than the appellants, its said judgment creditors; that, at the time the said Walburn became replevin bail as aforesaid, he was apparently of sound mind, and not known to the appellants, or the officer taking said replevin bail, to be otherwise, and had not been found to be otherwise by any proper proceedings instituted for that purpose. Wherefore the appellants said that they could not then, by reason of the facts aforesaid, be placed *in statu quo*, if the appellee should have the relief by him prayed for, and that they, if the appellee should obtain judgment, would by reason thereof, without

any fault on their part, be subjected to great injury, and damages ; and therefore they prayed judgment.

We are clearly of the opinion that the court erred in sustaining, as it did, the appellee's demurrer to this second paragraph of the appellants' answer. It will be observed that the appellants averred in this paragraph, as facts, the very matters which we have heretofore said, in discussing the sufficiency of the amended complaint, might be fairly assumed to be true as against the appellee. Thus, it was alleged by the appellants, in the second paragraph of their answer, that at the time the said Walburn became replevin bail on the said several judgments, he was apparently of sound mind, and not known to the appellants, or to the officer taking such replevin bail, to be otherwise, and had not been found to be otherwise in any proper proceeding instituted for that purpose. Again, the appellants alleged, in said second paragraph, that when the sheriff of said county, by virtue of the executions issued to him on the several judgments on which the said Edward Walburn had become replevin bail, demanded of him personal property to satisfy said writs, he, the said Walburn, denied his ownership of any such property, and directed the sheriff to levy said executions upon his real estate, described in the appellee's complaint.

Under the statute of this State, the acts of Walburn in signing his name to the several recognizances, and in acknowledging himself replevin bail for the payment of the said several judgments, at or before the expiration of the time allowed by law for the stay of executions thereon, were something more than mere contracts to that effect on his part. In section 427 of the practice act it is provided, that "Every recognizance of bail * * * shall have the effect of a judgment confessed, from the date thereof, against the person and property of the bail." 2 R. S. 1876, p. 203. Walburn's recognizances of bail, referred to in appellee's complaint, were taken by the clerk "in the discharge of the

duties of his office." In section 790 of the code it is provided that no such recognizances "shall be void for want of form of substance, or recital, or condition, nor the principal or surety be discharged ; but the principal and surety shall be bound by such bond, recognizance or written undertaking, to the full extent contemplated by the law requiring the same," etc.   2 R. S. 1876, p. 311.   By his execution of the several recognizances of bail, if the facts stated in the second paragraph of the answer were true, and the appellee's demurrer thereto admitted their truth, Walburn thereby confessed judgments in favor of the several judgment plaintiffs for the amounts of their respective judgments, and from the date of his recognizances he and his property were bound thereby to the full extent contemplated by the statute under which the same were executed.

It is certain, therefore, that neither Walburn nor the appellee, as his guardian, could lawfully obtain the relief sought for in this action until it had been shown, by the facts alleged in the complaint, that the several judgments confessed by Walburn, by and under his recognizances of bail, were absolutely void at law.   This the complaint wholly failed to show, as we have seen, and, therefore, it follows, as it seems to us, that the appellee's demurrer to the second paragraph of the answer should have been carried back and sustained by the court, not to said paragraph of answer, but to his own complaint.

The conclusions we have reached in regard to the insufficiency of the complaint, and the sufficiency of the second paragraph of the answer, render it wholly unnecessary for us now to consider and decide any of the questions arising under the alleged error of the court in overruling the appellants' motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the demurrer

to the complaint, and for further proceedings in accordance with this opinion.

Opinion filed at May term, 1880.
Petition for a rehearing overruled at November term, 1880.