No. 6797.

FAVORITE, GUARDIAN, *v.* SLAUTER.

GUARDIAN AND WARD.—*Action to Set Aside Settlement.—Complaint.—*A complaint by a guardian against a former guardian showed that the defendant received the sum of $4,779.84 of his ward's money, that he filed his account in the proper court charging himself therewith and claiming credit for $1,377.24, and that he had paid the plaintiff, his successor, $1,159.47 cash and transferred to him a certain note secured by mortgage, " of the present value of $2,243.13," which covers the whole estate, whereupon he was discharged by the court; that said note was in fact secured only by a junior mortgage on real estate, which was exhausted by the prior incumbrance, and the maker thereof was wholly insolvent, and had been prosecuted by the plaintiff to insolvency; that said account was fraudulent in this, that the defendant had appropriated to his own use of the ward's money said sum of $2,243.13, and praying judgment that said account and decree of discharge be revoked, etc.

*Held,* that the complaint, having been filed within three years, was good on demurrer.

*Held,* also, that it need not show the appointment of the plaintiff as guardian.

From the Fountain Circuit Court.

*L. Nebeker* and *S. M. Cambern,* for appellant.

*J. McCabe,* for appellee.

Woods, J.—The appellant, as guardian of the persons and estates of Jennie B. and Fannie E. Hollowell, minors, brought his complaint against the appellee, alleging in substance, the following facts, which the court held insufficient to constitute a cause of action, to wit:

That theretofore the defendant was appointed and qualified as the guardian of said wards, of whom the plaintiff is now guardian. That as such guardian the defendant received from various sources the sum of forty-seven hundred and seventy-nine dollars and eighty-four cents, the property of said wards, with which sum he charged himself in an account current filed in the Fountain Circuit Court on the —— day ———, 1875, showing in his hands $2,389.92, moneys of his ward Jennie B., less a credit of $829.17, and also $2,389.92, moneys of his ward Fannie E., less a credit of $548.07, and, in addition, filed his petition, showing the appointment of the plaintiff as his successor in said trust, to whom he had transferred " one note secured by mortgage given by Wilson L. Moore, the present value of which is $2,243.13, and $1,159.47 in cash, which covers the whole estate." That the said note was secured by a junior mortgage on real estate, which was entirely exhausted in payment of the senior incumbrance. That the plaintiff brought an action on said note and mortgage and obtained a personal judgment against said Moore and a decree of foreclosure of the mortgage, and had execution issued upon the judgment, which has been returned nulla bona. That Moore is wholly insolvent. That upon said account current and petition, on the —— day of ———, 1875, the defendant was discharged from his said trust as guardian by said court.

That the account and petition are fraudulent and wrongful in this, to wit: 1st. They show that the defendant has retained and now has the sum of $2,243.13 in cash, belonging to said Jennie B. and Fannie E. Hollowell, and entirely fails and neglects to account for the same. 2d. They show that the defendant has wrongfully and fraudulently appropriated to his own use and benefit said $2,243.13, the property of said

wards. Wherefore the plaintiff asks judgment that said account current and petition and decree of the court therein made be revoked, and the same be made to show that the defendant had in his possession and unaccounted for, at the time of his discharge, the said sum of $2,243.13, and that the court grant other proper relief.

The account current and petition referred to are set out at full length in the complaint, but need not be copied here.

We are of the opinion that sufficient facts are shown for setting aside the settlement made by the defendant and the order of the court for his discharge. The complaint was filed within a period less than three years after the settlement was made, and it shows that for $2,243.13, money reported to be in the defendant's hands for his wards, he turned over to his successor a note, represented to be secured by mortgage and worth the amount named; that in fact there was a prior incumbrance which the land was taken to pay; that an execution issued upon a judgment obtained on the note had been returned *nulla bona,* and that the maker of the note was entirely insolvent. In short, for the money shown to be in his hands as guardian he turned over a worthless security which he represented to be of par value. This constitutes a *prima facie* case of imposition and deceit, for which the settlement ought to be set aside, and if, for any of the reasons suggested, the defendant was not in fact liable to account for money, but only for the note and mortgage themselves, it may be shown in defence.

The complaint is not defective because it does not show the the plaintiff's appointment.

The demurrer was also upon the grounds that the plaintiff had not the legal capacity to sue, and that there was a defect of parties plaintiffs, because the wards were not joined, but these points are not insisted on.

Judgment reversed, with costs, and with instructions to overrule the demurrer.