No. 9949.

## Hoke v. Applegate, Guardian.

Practice.—*Change of Venue.*—*Rule of Court.*—Where a rule of court re-- quires applications for changes of venue in civil cases to be made not later than the day fixed for the trial, it is error to refuse an application made on that day if the showing is sufficient.

Guardian and Ward.—*Insane Person.*—*Complaint.*—In an action by a guardian the averments, that his ward is a person of unsound mind, and that the plaintiff is his guardian, are sufficient to show his authority to maintain the action.

Same.—*Action for Money Had and Received.*—*Demand.*—In such action, an averment that the defendant received certain money from the plaintiff's ward and refused thereafter to repay it upon demand, is sufficient without an averment that the money remained unpaid.

Same.—*Contract of Insane Person.*—*Fraud.*—A complaint in such action, which alleges that the defendant obtained a large sum of money from the plaintiff's ward while he was of unsound mind, by a fraudulent con-

tract, and that thereafter the ward was adjudged a person of unsound mind, and the defendant, upon demand, refused to repay the money, is insufficient without an averment that the ward continued a person of unsound mind, or did not affirm his contract, as the same is not void but voidable.

PLEADING.—*Practice.—Demurrer.*—No available error is committed in sustaining a demurrer to an argumentative denial when the general denial is on file.

SAME.—*Coverture.*—A plea of coverture is no defence to an action for money had and received to the use of another.

From the Harrison Circuit Court.

*W. T. Zenor, W. T. Jones* and *W. H. Hudson,* for appellant.

*W. N. Tracewell, R. J. Tracewell, B. P. Douglass* and *S. M. Stockslager,* for appellee.

BEST, C.—The appellee, as guardian of Joseph Hutster, a person of unsound mind, brought this action against the appellant and her husband, Cornelius R. Hoke, to recover from them a large sum of money alleged to be due from them to his ward.

The complaint consisted of three paragraphs. The first alleged, in substance, that the appellee was the guardian of the person and estate of Joseph Hutster, a person of unsound mind; that on the 17th day of October, 1877, said defendants became and were indebted to said Hutster, in the sum of $9,614.06, and on the 19th day of November, 1878, said defendants became indebted to said Hutster in the further sum of $6,525, money had and received to the use of said Hutster; that said defendants, though often requested to pay said money to the plaintiff, have refused, and have converted the same to their own use; that the same is due and remains wholly unpaid.

The second averred that said defendants received from said Hutster, on the — day of November, 1878, $11,272 in currency, " to hold to his use"; that afterwards said Hutster was duly adjudged a person of unsound mind, and the plaintiff was appointed his guardian; that thereafter, to wit, on the 8th day of January, 1880, the plaintiff demanded said money

of said defendants, but that they failed and refused, and still refuse, to pay any part of it.

The third averred, in substance, that, on the — day of ————, 1878, Joseph Hutster, who was then a person of unsound mind, had in his possession, and was the owner of, $16,000 in money; that at that time he was living with the appellant, and that the defendants, with full knowledge that he was a person of unsound mind, by undue influence over him, procured from him said money, and still retain the same; that said Hutster was, on the — day of November, 1879, adjudged a person of unsound mind, and that plaintiff was duly appointed his guardian; that afterwards the plaintiff demanded said money of the defendants, and avoided any contract or agreement made by said defendants with said Hutster at the time they procured said money.

A demurrer, for the want of facts, was overruled to each of these paragraphs, and the appellant filed a separate answer of five paragraphs. The first was a general denial, and the others were special. The second, third and fourth paragraphs of the answer alleged, in substance, a gift of the money to the appellant, and the fifth was a plea of coverture. A demurrer was sustained to each of these special paragraphs, and the issue formed by the general denial and the complaint was submitted to the court, a trial had, and finding made against the appellant for $3,175 and in favor of her husband. Motions for a new trial and in arrest of judgment were overruled, and judgment rendered upon the finding.

Various errors have been assigned, some of which will now be noticed. It is insisted that the court erred in refusing to change the venue from the judge upon affidavit filed. It appears from a bill of exceptions in the record, that the cause was assigned to a special judge, who, on the 17th day of November, 1880, set the cause down for trial on the 1st day of December following, and immediately after making said order retired from the bench. On the 1st day of December thereafter, such judge again, for the first time after retiring, re-

Hoke *v.* Applegate, Guardian.

sumed the bench and called said cause, whereupon the defendants moved the court, upon affidavit filed, for a change of the cause from the judge. This affidavit was sufficient to entitle the parties to a change, but the court overruled the motion for the reason that the application was not made in time under Rule 40 of said court. This rule is in these words: "Applications for changes of venue in causes on the docket at the beginning of the term must be made in criminal causes not later than the second day of the term, and in civil causes not later than the day fixed for the trial."

This application was made on the day fixed for the trial, and was within the time limited by the above rule. We can not see that the above rule in any way affected the application for a change, and think that as the affidavit was sufficient the court erred in refusing to order the change.

The appellant also insists that the court erred in overruling the demurrer to each paragraph of the complaint. The principal objection urged to the first is that it is not averred that Joseph Hutster had been adjudged a person of unsound mind, and that the appellee had been duly appointed his guardian. We think the paragraph sufficient in this respect. The averments that he was a person of unsound mind, and that the appellee was his guardian, though not as explicit as the averments insisted upon, were sufficient to show his authority to maintain the action. The other averments show that appellant was indebted for so much money had and received, and this was sufficient.

The second paragraph of the complaint was insufficient. The averment that the appellant in November, 1878, received from said Hutster $11,272, "to hold to his use," and that the appellee, who was not appointed guardian till November, 1879, thereafter demanded the payment of the money, which was refused, does not, as we think, show any liability to pay the money. If the phrase "to hold to his use" implies an obligation to repay upon demand, which may be doubted, it does not show that the obligation remained undischarged. If so

much money had been loaned, or the action was upon an express promise to pay it, an averment that it was unpaid would have been necessary. The same rule, we think, must apply in this case, even if the undertaking can be construed as a promise to repay upon demand. The refusal to pay created no liability unless such obligation existed, and this does not appear from the mere undertaking itself.

The third paragraph was also insufficient. The substance of the averments is that, while said Hutster was a person of unsound mind, the appellant, by exercising an undue influence over him, obtained from him $16,000 in money, and that she refused to pay the appellee, who was thereafter appointed his guardian, said money. These averments show that the money was obtained before said Hutster was adjudged a person of unsound mind, in pursuance of some kind of agreement or understanding. What agreement was made is not stated, but that one was made is fairly inferable from the fact that the money was procured by undue influence, and it is averred that the demand for its repayment avoided such agreement as was made. This agreement was not void, and the law will not, upon receipt of the money under the circumstances stated, imply a promise to repay it. At most it is only voidable, and may, upon removal of the disability, be affirmed or disaffirmed. This money was received in 1878, and said Hutster was not adjudged a person of unsound mind until November, 1879, perhaps eighteen months after the reception of the money. There is no averment that during this time said Hutster was not a person of sound mind, and that he did not during this time affirm such contract. This averment was held necessary in the case of *Hardenbrook* v. *Sherwood,* 72 Ind. 403, where a guardian sought to avoid a contract made by his ward before he was adjudged a person of unsound mind, and the same rule is applicable to the facts averred in this paragraph of the complaint. No such averment is necessary, of course, where the guardian seeks to enforce the contract, but where he seeks to avoid it he must show a right to

do so. For these reasons we think the third paragraph insufficient.

The second, third and fourth paragraphs of the answer were at most mere argumentative denials, as all the facts averred· in each of them were admissible in evidence under the general denial, and simply tended to deny the facts alleged in the complaint. If sufficient, no available error was committed in sustaining the demurrer to them.

' The fifth paragraph, which was a plea of coverture, constituted no defence to the case made by the first paragraph of the complaint. This is too plain to justify further notice.

As the judgment must be reversed for the reasons already given, and as the issues must be reformed, the other questions discussed may not again arise, and, therefore, it becomes unnecessary to notice them.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instructions to sustain the demurrers to the second and third paragraphs of the complaint, and to sustain the motion to change the venue of said cause from said judge, if the appellant now so desires.