No. 9942.

## HOKE *v.* APPLEGATE, GUARDIAN.

SUPREME COURT.—*Error.*—A refusal to strike out a pleading is not available error.

SAME.—The overruling of a demurrer to a pleading which is afterwards amended is not available error.

RULES OF COURT.—*Change of Venue.*—A rule of court which requires motions for change of venue in civil cases to be made not later than the day set for trial, unless excuse for delay be shown, is valid.

REPLEVIN.—*Complaint.*—*Defect Cured After Verdict.*—A complaint in replevin, which does not allege that the property is detained in the county where the suit is brought, is not for that cause bad after verdict.

SAME.—*Insane.*—*Guardian and Ward.*—*Case Distinguished.*—A complaint in replevin, by one suing as guardian of an insane person, need not aver that the ward has been judicially adjudged insane, or that the plaintiff has been duly appointed his guardian. "A., guardian of B., a person of unsound mind, says," etc., is sufficient. *Hardenbrook* v. *Sherwood,* 72 Ind. 403, distinguished.

SAME.—*Description of Property.*—If a complaint in replevin show a sufficient reason why the plaintiff can not give a specific description of the property, a general description will be sufficient on demurrer, and it is so after verdict even if no such excuse be shown.

SAME.—*Averment of Title.*—In replevin by a guardian, an averment that "the plaintiff, as guardian, is entitled to the possession," etc., sufficiently shows the plaintiff's title.

SAME.—*Revocation of Gift.*—*Answer.*—*Reply.*—To a complaint in replevin by the guardian of one insane, it was answered that the ward gave the property to the defendant. Reply, that the ward was insane, and that since his appointment the guardian had demanded the property and revoked the gifts.

*Held,* that the reply was bad for not alleging a continuance of the ward's insanity, a judicial determination that he was insane, and that the guardian was lawfully appointed and qualified.

From the Harrison Circuit Court.

*W. T. Jones, W. T. Zenor* and *W. H. H. Hudson,* for appellant.

*B. P. Douglass, S. M. Stockslager, W. N. Tracewell* and *R. J. Tracewell,* for appellee.

BICKNELL, C. C.—This was an action of replevin by the appellee, as guardian of a person of unsound mind, against

Hoke *v.* Applegate, Guardian.

Cornelius R. Hoke and Lavina, his wife; it was commenced in February, 1880, and was tried at November term, 1880.

There was a finding by the court for the defendant Cornelius and against the defendant Lavina, with one cent damages, and that the value of the property was $5,514, and that she had the same in her possession and fraudulently concealed it, and that the plaintiff was entitled to an execution against the body of said Lavina unless she would forthwith surrender said property or pay its said value into court.

The defendant Lavina moved for a new trial; this motion was overruled. She also moved in arrest of judgment, and this motion was overruled. Judgment was rendered pursuant to the finding. The defendant Lavina moved that the judgment be modified by striking out the award of execution against her body; this motion was overruled, and, with the action of the court thereon, was made a part of the record by order of the court. The defendant Lavina appealed. There is a special bill of exceptions showing a motion for a change of venue and the action of the court thereon, but there is no other bill of exceptions.

Seventeen errors are assigned. Of these, the first alleges error in refusing to strike from the files an affidavit for a change of venue made by the plaintiff at February term, 1880, and the eleventh alleges error in overruling the defendant's motion for a change of venue at November term, 1880. These are not proper assignments of error. *Jones* v. *Rittenhouse,* 87 Ind. 348.

The fifth specification of error presents no question, because a motion to strike out a pleading must be shown by a bill of exceptions, unless it is made part of the record by order of the court, *Indiana, etc., Co.* v. *Millican,* 87 Ind. 87; and because a refusal to strike out a pleading is not available as error. *Lake Erie, etc., R. W. Co.* v. *Kinsey,* 87 Ind. 514.

The sixth and seventh specifications of error, so far as they relate to the fifth, sixth and seventh paragraphs of the complaint, are expressly waived by the appellant in her brief,

and so far as they relate to the fourth paragraph of the complaint, the record shows that after a demurrer to that paragraph was overruled the paragraph was amended, and there was no demurrer to the amended fourth paragraph. Therefore, if there was error in overruling the demurrer to the original fourth paragraph, it is not available. *Wiles* v. *Lambert*, 66 Ind. 494; *White* v. *Garretson*, 34 Ind. 514; *Short* v. *Stotts*, 58 Ind. 29; *Murphy* v. *Teter*, 56 Ind. 545. The eighth specification of error is waived by the appellant in her brief.

The twelfth specification of error is that the court overruled the motion for a new trial.

There are sixteen reasons for a new trial, but the appellant, in her brief, discusses the first and third reasons only, which are:

1. The finding is contrary to law.

3. The court erred in overruling the defendant's motion for a change of venue.

In the absence of a bill of exceptions showing the evidence, we can not say that the finding was contrary to law.

It appears by the special bill of exceptions that the motion for a change of venue was overruled because it was not made in the time limited by a rule of the Harrison Circuit Court, no excuse being shown for the delay. The rule required such a motion to be made, in civil causes, not later than the day set for the trial. The rule was valid, and there was no error in overruling the motion. *Jones* v. *Rittenhouse, supra.*

The sixteenth specification of error is not alluded to in the appellant's brief, and is therefore regarded as waived.

The fourteenth specification of error is not discussed in the appellant's brief, and is therefore regarded as waived.

The second, third and fourth specifications of error present questions as to the sufficiency of the amended first, second and third paragraphs of the complaint.

The ninth and tenth specifications are, overruling the appellant's separate demurrer to the second paragraph of the reply to the second, third and fourth paragraphs of the appellant's separate answer.

The thirteenth specification is, overruling the motion in arrest of judgment.

The fifteenth is, overruling the motion to modify the judgment.

The seventeenth specification of error is, that neither paragraph of the amended complaint states facts sufficient to constitute a cause of action, when separately considered.

This last specification of error is good because it puts in issue the sufficiency of the whole complaint as amended, considered with reference to each paragraph. *Higgins* v. *Kendall*, 73 Ind. 522. It may be considered in connection with the second, third and fourth specifications of error, which question the sufficiency of the amended first, second and third paragraphs of the complaint.

The first objection to the first three paragraphs of the amended complaint is that none of them states that the property was detained in the county of Harrison. This is not a valid objection. *Hodson* v. *Warner*, 60 Ind. 214.

The second objection to the entire complaint is that none of the paragraphs contains an averment that Joseph Hutsler had been judicially declared to be a person of unsound mind, and that the plaintiff had been duly appointed his guardian. The averment is: "George W. Applegate, guardian of Joseph Hutsler, a person of unsound mind, * * * says that plaintiff as such guardian is entitled to the possession, etc."

It was held in *Hardenbrook* v. *Sherwood*, 72 Ind. 403, that a complaint by the guardian of an insane person to have an act of such person set aside as absolutely void should allege that such person had been duly adjudged to be of unsound mind, and that such guardian had been legally appointed and qualified. The court said that such facts might be inferred from the statement, "Martin V. B. Sherwood, guardian of Edward Walburn, a person of unsound mind," complains, but that such facts ought to be alleged and not left to inference merely, in such a complaint.

That case was not like the present case. Here the plaintiff is not seeking to have any act of his ward declared void. He is seeking to enforce a chose in action of his ward. *Bearss* v. *Montgomery*, 46 Ind. 544. The guardian of a lunatic has the same powers and duties as the guardian of a minor. R. S. 1881, sections 5148, 2551. *Stumph* v. *Pfeiffer*, 58 Ind. 472. He may sue in his own name without joining his ward. R. S. 1881, section 252. In *Favorite* v. *Slauter*, 79 Ind. 562, it was held that the complaint of the guardian of a minor was not defective for a failure to show the guardian's appointment. In replevin the question is, who is entitled to the possession? *Highnote* v. *White*, 67 Ind. 596; *Entsminger* v. *Jackson*, 73 Ind. 144.

Ordinarily, the plaintiff need not allege the source of his title to the property. *Krug* v. *McGilliard*, 76 Ind. 28. And we think that in an action of replevin by a guardian for the property of his insane ward, the complaint need not aver that the ward has been adjudged insane, nor that the guardian has been duly appointed. It was so decided in *Hoke* v. *Applegate*, 88 Ind. 530.

The next objection to the complaint is that it contains no sufficient description of the property in any of the four amended paragraphs.

In the first paragraph the description is, "to wit, a certain number of bills or U. S. treasury notes, commonly called 'greenbacks,' amounting to $11,272.86. The denominations of said bills or notes the plaintiff is unable to give, for the reason that the same are in the possession of the defendant," and for the same reason plaintiff is unable to give any definite description of the property.

In the second paragraph the description is, "to wit, $11,-282.66 in notes or bills of the national bank currency of the United States."

In the third paragraph the description is, "to wit, four per cent. United States Government bonds, treasury notes, com-

monly called greenbacks, and national bank currency, commonly called blackbacks, amounting in the aggregate to the sum of $11,272.86."

In the fourth paragraph the description is, " to wit, one lot of paper money of the lawful funds of the United States, known as United States treasury notes, commonly called greenbacks, of the amount and value of $9,514, one lot of paper money of the lawful funds of the United States, known as national bank notes, commonly called blackbacks, of the amount and value of $9,514, one lot of paper money of the lawful funds of the United States, composed of United States treasury notes, commonly called greenbacks, and national bank notes, commonly called blackbacks, of the amount and value of $9,514."

In the second and third paragraphs the same excuse for not giving a better description is made, as in the first paragraph.

None of the paragraphs states an unlawful taking of the property; the charge is unlawful detainer only.

In *Wilson* v. *Rybolt,* 17 Ind. 391, in was said that formerly, in Indiana, the two actions, detinue for an unlawful detention, and replevin for an unlawful taking and detention, covered the whole ground of unlawful deprivation of personal property, so far as recovering the specific articles was concerned, and that the action provided by the code for the recovery of personal property covered the entire ground of both of such actions.

Where, therefore, as in the case at bar, no unlawful taking is alleged, and an unlawful detainer only is complained of, the sufficiency of the complaint must be determined, except where the statute make a difference by the rules heretofore existing. One of those rules was that the complaint must describe the property demanded. It seems to be an unavoidable result that a party claiming one article of property can not recover any other, and that where an attempted description fails to describe, there is no cause of action. Hence

it was held originally, that the complaint must be so certain that the thing detained may be known, and that therefore the action could not be maintained for money, unless in a box or the like. Co. Litt. 286, b. And that the thing claimed should be clearly distinguishable from other property; therefore, the action would lie for deeds or other writings, if the plaintiff could describe them, or for writings in a chest, etc., without a particular description of the writings. Bacon Ab. Detinue (B). In *Wilson* v. *Rybolt*, *supra*, a title deed was recovered.

More particularity was always necessary in the description, where the goods themselves were to be recovered, than in trespass, or case, or trover, where damages only were sought. 1 Chit. Pl. 377; 2 Saund. 74 n. 1. But even in a suit for unlawful taking, it was held that the description "divers goods and chattels of the plaintiff" is insufficient. *Pope* v. *Tillman*, 7 Taunt. 642.

The statute, R. S. 1881, section 1547, requires that in an action of replevin before a justice of the peace, the complaint shall specifically describe the property. The code contains no such provision as to replevin suits in the circuit court, but the latter require no less accuracy than the former.

In *Smith* v. *Stanford*, 62 Ind. 392, it was said that the object of this "specific description" is to enable the proper officer to take the property described and deliver it to the plaintiff.

In *Minchrod* v. *Windoes*, 29 Ind. 288, "a box of skins and furs, marked J. Windoes, Logansport, Indiana," was held sufficient.

In *Onstatt* v. *Ream*, 30 Ind. 259, "one white shoat" was held sufficient.

In *Highnote* v. *White*, *supra*, the following was held sufficient: "One promissory note for one hundred dollars, executed by James Sawyers to Agnes White." This description was clearly within the authorities; it identified the note, but

to say one promissory note, or a number of promissory notes, or a lot of greenbacks and blackbacks and United States government bonds, without anything further, identifies nothing. See *Low* v. *Martin,* 18 Ill. 286 ; *State* v. *Hoke,* 84 Ind. 137.

It has been held, however, that where circumstances render a specific description impossible, a more general description may be sufficient, if the circumstances are stated in the pleading by way of excuse, and are a sufficient excuse. *State* v. *Hoke, supra.* We think the excuse stated in each of the first three amended paragraphs of the complaint is sufficient, and that these paragraphs were not bad for insufficiency in the description of the property. Objection was taken to these paragraphs by demurrer.

There was no demurrer to the fourth amended paragraph of the complaint; its sufficiency is questioned only by the seventeenth specification of the assignment of errors, which alleges that none of the paragraphs, separately considered, contains facts sufficient. This amended fourth paragraph contains no excuse for the want of a more specific description. But the description given in this fourth paragraph is "one lot of paper money of the lawful funds of the United States, known as United States treasury notes commonly called 'greenbacks,' of the amount and value of $9,514, one lot of paper money of the lawful funds of the United States, known as national bank notes, commonly called 'blackbacks,' of the amount and value of $9,514, one lot of paper money of the lawful funds of the United States, composed of United States treasury notes, commonly called 'greenbacks,' and national bank notes, commonly called 'blackbacks,' of the amount and value of $9,514." We think that after verdict this description ought to be held sufficient. See the case of *Onstatt* v. *Ream, supra,* and the case there referred to.

Another objection to the amended first, second, third and fourth paragraphs of the complaint is, that none of them

shows that the property belonged to the lunatic.    In the first
two of these paragraphs, the allegation is that "the plaintiff, as
guardian," etc., "is entitled to the possession."    This shows
that the property belonged to the lunatic; the plaintiff could
not be entitled to the possession as guardian unless it was
the property of his ward.

In the third and fourth of these paragraphs the allegation
is, "George W. Applegate, guardian," etc., "is entitled to the
possession."    If, in these paragraphs, the statement of the
guardianship be regarded as merely *descriptio personœ*, then
the paragraphs state a good cause of action in favor of the
plaintiff individually in his own right.

A motion might have been sustained to separate the causes
of action, but upon the demurrer to the third amended para-
graph the ruling of the court was right, so far as the objec-
tion now under consideration is concerned.

There was no error in overruling the demurrers to the
amended first, second and third paragraphs of the complaint.
The complaint consisted of four amended paragraphs, of
which the first three were demurred to, and the fourth was
not demurred to.    The seventeenth specification of error was
an objection to the entire complaint; that no one of the
amended paragraphs, separately considered, states facts suffi-
cient.    Upon such an assignment, if any one of the para-
graphs is good, the assignment is not sustained.    *Haymond*
v. *Saucer*, 84 Ind. 3; *Trammel* v. *Chipman*, 74 Ind. 474.
We have seen that the first, second and third amended para-
graphs were sufficient; the appellant therefore can take no
benefit by the seventeenth specification of error.

The ninth and tenth specifications of error are, that the
court overruled the appellant's separate demurrer to the sec-
ond paragraph of the reply to the second, third and fourth
paragraphs of her separate answer.

These paragraphs of answer stated, in substance, that the
alleged lunatic at different times made gifts to her of several

sums of money, and that these gifts were the only moneys ever received by the appellant from the alleged lunatic.

The second paragraph of reply to these answers was:

"2d. The plaintiff, for further reply to the second, third and fourth paragraphs of the separate answer of the defendant Lavina Hoke, says, that at the time, and long theretofore, at which it is alleged plaintiff's said ward made the gifts and donations therein mentioned, his said ward was of unsound mind and incapable of managing his own affairs, and that since his appointment as guardian of said Joseph Hutsler, and before the commencement of this suit, he demanded of the defendants the moneys alleged in each of said paragraphs to have been given or donated to her by his said ward for her own use, or to her in trust for the use of the other persons therein mentioned, and that he has revoked, and did before the commencement of this action revoke, any and all gifts or gift, donation or donations, that his said ward may have attempted to make, or may have made as alleged in the answer."

This was a bad reply. It is not alleged that at the time said gifts were made said ward had been judicially declared to be of unsound mind; therefore his gifts were not void but voidable, and were capable of affirmance or disaffirmance by him upon removal of his disability. *Hoke* v. *Applegate*, 88 Ind. 530. It is not alleged that the disability continued all the time, nor that the contract was not affirmed upon removal of the disability. In this reply the guardian is seeking to disaffirm the voidable act of his ward; he claims that before suit brought he revoked the gifts, but he had no authority to do that unless the lunatic had been judicially declared to be such, nor unless the guardian had been duly appointed, and was such at the time of the alleged revocation. The reply contains no such averments; the case, therefore, comes directly within the authority of *Hardenbrook* v. *Sherwood, supra,* and *Hoke* v. *Applegate, supra,* in both of which it was held that where a guardian of a lunatic seeks to have

the acts of the lunatic set aside as void, he must allege in his pleading the continuance of the disability, and that such person had been duly adjudged to be of unsound mind, and that the guardian had been legally appointed and qualified. In *Hardenbrook* v. *Sherwood, supra,* the court said: "It can not be presumed in the appellee's favor, in the absence of any allegation to that effect, either that the alleged disability of said Walburn was a continuing disability, or that, upon its removal, he had not ratified" it in any way.

The court, therefore, erred in overruling the appellant's demurrer to the second paragraph of the appellee's reply to the second, third and fourth paragraphs of her separate answer.

As the judgment must be reversed for this error, it is not necessary to consider the remaining assignments of error.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to the court below to sustain the demurrer to the second paragraph of the reply to the second, third and fourth paragraphs of the appellant's separate answer, and to permit both parties to amend their pleadings.

Filed Jan. 11, 1884.